## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

BONNIE J. BROOKER v. JAMES E. BROOKER

June 10, 1977.
Record No. 760406.
Present: All the Justices.

*Bentley Hite* for appellant.

*William R. L. Craft, Jr. (Craft & McGhee, P.C.*, on brief), for appellee.

Per Curiam.

James E. Brooker filed his bill of complaint in the trial court seeking a divorce from his wife, Bonnie J. Brooker, on the grounds of cruelty and desertion, and custody of their infant children. Mrs. Brooker filed an answer and cross-bill in which she denied the allegations of cruelty and desertion, and prayed for a divorce from Brooker on the ground of desertion, custody of their infant children, and support and maintenance for herself

and the children. Subsequently, Brooker filed an amended bill seeking a no-fault divorce on the ground that the parties had lived separate and apart for the period of two years then required by the provisions of Code § 20-91(9).[1]

By final decree entered January 6, 1976, the chancellor granted Brooker a no-fault divorce, ruled that Mrs. Brooker was not entitled to the relief for which she prayed in her cross-bill, dismissed the cross-bill, awarded custody to her of the only child who was still a minor, and ordered Brooker to make specified monthly payments for the support and maintenance of the child. The decree was silent as to support and maintenance payments for Mrs. Brooker, and she has appealed, contending that the chancellor erred in not awarding her such payments.

When a divorce is granted under Code § 20-91(9), the husband is not relieved of his obligation to support his wife unless it is shown that the separation was caused by such fault or misconduct on her part as to constitute ground for a divorce under other provisions of Code § 20-91, *Young* v. *Young*, 212 Va. 761, 762, 188 S.E.2d 200, 201 (1972), or under the provisions of Code § 20-95. Code § 20-91(9)(c).[2] Here there was no finding to such effect. The ruling that Mrs. Brooker was not entitled to a divorce from Brooker was not a finding of fault or misconduct on her part.

The chancellor denied support and maintenance payments without making any finding respecting the various factors required to be considered under Code § 20-107. Therefore, we will reverse the decree appealed from insofar as it fails to make a finding and adjudication as to support and maintenance for Mrs. Brooker and remand the case for such a finding and adjudication. *See Lancaster* v. *Lancaster*, 212 Va. 127, 183 S.E.2d 158 (1971).

*Reversed and remanded.*

---

[1] The statutory period was reduced to one year by Acts 1975, c. 644.

[2] The 1975 amendment to Code § 20-91, Acts 1975, c. 644, places husband and wife on an equal footing in that either spouse now may be awarded support and maintenance from the other. In the present case, however, the only question presented is whether Mrs. Brooker should be awarded such payments.