Richmond

## JANE MONFALCON BRISTOW

### v.

## LEWIS ADDISON BRISTOW

June 6, 1980.

Record No. 780483.

Present: All the Justices.

*T. V. Morrison, Jr. (Saunders, Carleton, Morrison, Stephenson & Spratley,* on brief), for appellant.

*E. D. David (Jones, Blechman, Woltz & Kelly, P.C.,* on brief), for appellee.

PER CURIAM.

This appeal challenges a holding in a no-fault divorce decree denying spousal support.

The marriage of Lewis Bristow and Jane Bristow was solemnized on December 15, 1968. Each of the parties had three children by a former marriage. Shortly after the husband and his children moved into the wife's residence, family discord developed. Eleven months later, the husband and two of his children left the house and never returned. Alleging cruelty and constructive desertion, the husband filed a bill for divorce. The wife responded with a cross-bill charging cruelty and desertion. In January 1970, the husband was ordered to pay the wife spousal support *pendente lite.*

The case was not heard until December 1977. The chancellor then ruled from the bench that neither party had proven the grounds alleged and that neither was entitled to a divorce except upon the ground of separation for more than a year. By leave of court, the husband filed an amended bill based upon that ground.

With respect to support, the chancellor said: "He's paid her alimony all these years and I don't think she's entitled to any more. They were only married eleven months." The wife noted an objection and requested the right to introduce evidence showing the "relative financial positions of both parties". The chancellor granted the request upon the understanding that he intended to adhere to his ruling and that "[t]his is just to supplement the record" for purposes of appeal.

After both parties had introduced their evidence, the chancellor, observing that the husband had been paying support "for several years", ruled that there was no "liability on him to support this lady because of the fact that they were just married such a very short period of time". Referring to the several factors governing a determination of support defined in Code § 20-107,* the chancellor stated,

---

\* These factors are:

"(1) The earning capacity, obligations and needs, and financial resources of the parties;

"(2) The education and training of the parties and the ability and opportunity of the parties to secure such education and training;

"I really don't get to those grounds." By decree entered December 29, 1977 granting the husband a no-fault divorce, the chancellor held that the wife "is not entitled to either further support . . . or any future support". This holding is the only part of the decree at issue on appeal.

 Subparagraph (c) of Code § 20-91(9), the so-called "no-fault divorce statute", provides that "[a] decree of divorce granted pursuant to this subsection (9) shall in no way lessen any obligation any party may otherwise have to support the spouse unless such party shall prove that there exists in the favor of such party some other ground of divorce under this section or § 20-95." Here, the chancellor made a specific finding that the husband had not proven a ground of divorce against the wife. Accordingly, the husband was not relieved of "any obligation [he] may otherwise have to support" the wife.

Neither party to a divorce has an automatic obligation to support the other. "The 1975 amendment to Code § 20-91, Acts 1975, c. 644, places husband and wife on an equal footing in that either spouse now may be awarded support and maintenance from the other." *Brooker* v. *Brooker*, 218 Va. 12, 13 n. 2, 235 S.E.2d 309, 310 n. 2 (1977). Citing constitutional guarantees against sex discrimination, the husband defends the holding below as an act of judicial discretion. He argues that "[t]he authority in the statute [Code § 20-107] to award spousal support is discretionary with the Chancellor". As he points out, the authority is cast in permissive language. But the statute commands that, in order to exercise its discretion, "[t]he court shall . . . consider" the specific factors contained therein. Failure to do so is reversible error. *Brooker, supra.* In this case, the chancellor, relying upon the fourth factor alone, declined to consider the rest.

The husband suggests that this "was harmless error because it is apparent from the record that Wife's need and Husband's ability to pay was [sic] not proven." We do not think the error was harmless. The holding based upon it not only denied the wife the present right

---

"(3) The standard of living established during the marriage;

"(4) The duration of the marriage;

"(5) The age, physical and mental condition of the parties;

"(5a) The contributions, monetary and non-monetary, of each party to the well-being of the family;

"(5b) The property interests of the parties; both real and personal;

"(6) Such other factors as are necessary to consider the equities between the parties."

to support but also foreclosed forever the right she would otherwise enjoy under Code § 20-109 to petition for support some time in the future "as the circumstances may make proper". *Losyk* v. *Losyk,* 212 Va. 220, 222-23, 183 S.E.2d 135, 137 (1971).

As to the holding under review, the decree will be reversed and the cause remanded. Since the circumstances of the parties may have changed during the pendency of this appeal, we do not review the evidence admitted "to supplement the record". Upon remand, the chancellor will hear such additional evidence as may be relevant to consideration of all the factors enumerated in Code § 20-107 and enter a new decree in accord with this opinion.

*Reversed and remanded.*