## Richmond

JOSEPHINE ANNE HARDY THOMASSON

V.

JACK WADE THOMASSON

April 29, 1983.

Record No. 801862.

Present: Carrico, C.J., Cochran, Poff, Compton, Stephenson, Russell, JJ., and Harrison, Retired Justice.

*Robert T. Wandrei (Radford & Wandrei*, on brief), for appellant.

*Sol Goodman* for appellee.

RUSSELL, J., delivered the opinion of the Court.

In this divorce case we must determine whether spousal support was properly denied to a party free of marital fault, against whom a "no-fault" divorce was obtained.

Jack and Josephine Thomasson were married in 1963. No children were born of the marriage. The wife, a college graduate, had a Virginia teaching certificate. She taught school in the early years of the marriage, but permitted her certificate to expire in 1973. She has not attempted to renew it. The husband served in the army overseas, finished college, and obtained a graduate degree in business administration after his discharge from the service. At the time of trial, he was attempting to establish himself in

an accounting business and was receiving temporary financial assistance from his mother.

The wife developed "severe depression" in 1970, while the parties were living together at Fort Belvoir, and consulted a psychiatrist. She has received continual psychiatric care since that time. She resided with her mother in Bedford, Virginia, for various periods while the husband was overseas. The parties lived together in Hopewell for a period after the husband's separation from the service in 1976 and purchased a home there. The psychiatrist treating the wife at that time, however, suggested that both parties would benefit by separation and recommended that the wife return to her mother's home in Bedford. The husband helped her to make this move, and the parties have remained apart since March 4, 1978.

At the time of trial the wife stated that she did substitute teaching in four high schools, had no present plans to renew her teaching certificate, and was considering turning to "some other field of work." She was then visiting her psychiatrist once a month, and her condition was controlled by prescribed medication. She lives with her mother, who contributes substantially to her support.

The husband brought suit for "no-fault" divorce in 1979 pursuant to Code § 20-91(9). The wife filed an answer and a cross bill praying for divorce on the ground of desertion. The court determined from the depositions filed that neither party was entitled to a divorce, applying the rule of *Hooker* v. *Hooker*, 215 Va. 415, 211 S.E.2d 34 (1975). The court suggested to counsel, by letter, that if the wife wished to pursue the question of spousal support, she should schedule a hearing *ore tenus* and personally attend it.

The case remained inactive until April 1980 when the wife moved for an award of spousal support, notwithstanding the failure of either party to qualify for a decree of divorce. She argued that her husband's obligation to support her continued in effect, notwithstanding her failure to prove her case against him, because she had not been found guilty of a marital fault which would constitute a ground for divorce. The husband conceded the correctness of this argument, but contended that the wife had not shown a need for support because the evidence demonstrated that she was well able to support herself, but unwilling to do so.

A hearing was held in chambers on April 16, 1980, summarized by the following agreed statement of facts filed pursuant to Rule 5:9:

Josephine Anne Hardy Thomasson appeared before the court well dressed and stated that she was in good physical and mental condition with the exception that she was still being treated by Dr. John O. Hurt, Jr. and as part of the therapy prescribed by Dr. Hurt, it was suggested that Mrs. Thomasson seek employment. Mrs. Thomasson had done nothing to follow her doctor's suggestion or medical advice. Mrs. Thomasson has allowed her teacher's certificate to expire and has made no effort to have it renewed. It was a conclusion of the court that Mrs. Thomasson was content to live under the conditions in which she now lives.

The court, in a written opinion, found that both parties were able to support themselves and that the wife's psychiatrist had advised her that her condition would improve if she returned to work. The court concluded that if spousal support were awarded, the wife would never obtain work and alleviate her psychiatric problem. The husband submitted further depositions in support of a renewed motion for "no-fault" divorce. A final decree was entered which dissolved the marriage pursuant to Code § 20-91(9), but made no provision for spousal support. [1] We granted an appeal limited to the question whether the court erred in denying the wife spousal support.

---

[1] The silence of the final decree as to spousal support has the effect of foreclosing the wife from petitioning the court, under Code § 20-109, for a future award in the light of changed circumstances. *Perry* v. *Perry*, 202 Va. 849, 120 S.E.2d 385 (1961). This result could have been avoided by an express reservation, in the final decree, of the court's power to fix and modify spousal support in the future as changed circumstances might thereafter require. *Losyk* v. *Losyk*, 212 Va. 220, 222-23, 183 S.E.2d 135, 137 (1971). The record shows no request by the wife for such a reservation, however, and the court had no obligation to insert such language *sua sponte*. In *Bristow* v. *Bristow*, 221 Va. 1, 267 S.E.2d 89 (1980), a similar situation arose. There, the silence of the final decree also precluded any future petition by the wife for an award of spousal support based on changed circumstances. We considered this fact to be the reason why the court's failure to consider all six statutory factors under Code § 20-107, in reaching its spousal support decision, could not be treated as harmless error. But the omission of an express reservation of the power to fix future support was not itself deemed error. The question whether the chancellor had a duty to include such a reservation of power in the final decree, when specifically requested to do so by a party, was not before us in *Bristow* and is not before us here.

■ The wife correctly argues that under Code § 20-91(9)(C) a "no-fault" divorce decree is no bar to spousal support for either party unless there exists in favor of the opposite party some other ground of divorce under Code § 20-91 or Code § 20-95. The wife's inability to prove the allegations of her cross bill for desertion does not amount to any marital fault on her part. *Brooker* v. *Brooker*, 218 Va. 12, 235 S.E.2d 309 (1977). Thus the proceedings in this case do nothing to relieve any obligation the husband might otherwise have to support the wife. But that is not to say that he has a duty to support her regardless of the facts in evidence. Neither party to a divorce has an automatic obligation to support the other. *Bristow* v. *Bristow*, 221 Va. 1, 267 S.E.2d 89 (1980).

■ A chancellor considering an application for spousal support has a two-step determination to make. He must first ascertain from the record whether a party's claim for spousal support is barred by the existence of a marital fault amounting to a statutory ground of divorce under Code § 20-91(1), (3), and (6) or Code § 20-95. If none exists, he proceeds to the second step which involves consideration of the relative needs and abilities of the parties. Here, he is guided by the six specific factors which he is required to take into consideration by Code § 20-107.[2] Where the chancellor has given due consideration to each of these factors, as shown by the evidence, his determination as to spousal support will not be disturbed except for a clear abuse of discretion. *Ingram* v. *Ingram*, 217 Va. 27, 29, 225 S.E.2d 362, 364 (1976); *Russell* v. *Russell*, 216 Va. 432, 435, 219 S.E.2d 689, 692 (1975).

In *Bristow, supra,* the trial court expressly based a denial of support upon the short duration of the marriage, the fourth factor mentioned in Code § 20-107, holding that consideration of the other factors was unnecessary to the decision. We reversed and remanded the case for consideration of all the statutory factors. In *Brooker, supra,* the trial court denied spousal support without giving any apparent consideration to the statutory factors, and without making any findings or adjudication with respect thereto. We reversed and remanded the case for such findings and adjudication. A similar disposition, on a similar record, was made in *Lancaster* v. *Lancaster*, 212 Va. 127, 183 S.E.2d 158 (1971).

---

[2] This case is unaffected by the repeal of Code § 20-107 and the enactment of Code § 20-107.1 in 1982. This change had no effect upon pending litigation. Acts 1982, c. 309.

 Here, by contrast, the chancellor gave careful consideration to all of the statutory factors. The parties covered them in the evidence taken by depositions and argued them fully in memoranda filed by leave of court. The chancellor, unwilling to make a determination until he had heard the testimony of the parties *ore tenus*, conducted a further evidentiary hearing in chambers. His written opinion makes it clear that he considered all of the factors enumerated in Code § 20-107 as shown by the evidence. From this review, the chancellor concluded that the equities weighed against an award of spousal support. We cannot say that this conclusion is unsupported by evidence or that the resultant ruling constitutes an abuse of discretion. Neither can we substitute our judgment as to the proper conclusion to be drawn from the evidence for those reached by the trial court.

For these reasons, the decree appealed from will be

*Affirmed.*