## CIRCUIT COURT OF FREDERICK COUNTY

DeHaven

v.

DeHaven

June 17, 1983

Case No. (Chancery) 6684

By JUDGE ROBERT K. WOLTZ

After hearings extending over some period of time, a decree of divorce was entered in October, 1982 granting the husband a divorce on the no-fault ground of one-year's continuous separation. The Court reserved the question of fault on the part of the defendant wife so as to prevent her from entitlement to spousal support, § 20-91(9)(c), her entitlement otherwise to spousal support, the ability of the complainant to pay support and finally whether and how much counsel fee should be awarded to her attorney.

After entry of the decree of divorce, the parties made an effort to resolve the problem of jointly owned real estate without success, the complainant husband ceased making payments on deed of trust liens and those properties were foreclosed, the complainant purchasing them at auction, giving new deeds of trust on them. Because of this and other changes in circumstances, a further hearing was had this spring. It is on the basis of the evidence leading up to the divorce decree and the more recent evidence that this decision is made. The issues are decided *seriatim* as follows.

(1) The evidence preponderates that the parties separated voluntarily. The evidence of the complainant

husband is not sufficient to "prove that there exists in the favor of [complainant] some other ground for divorce" under § 20-91 or § 20-95 during the continuance of their marriage. Therefore wife was not foreclosed from receiving support.

(2) Having made the first necessary determination with regard to spousal support, *Thomasson v. Thomasson*, 225 Va. 394 (1983), determination must proceed to the second step, "which involves consideration of the relative needs and abilities of the parties." *Id.*

By way of preface to this determination, several factors are borne in mind. First, no spouse by the mere fact of being a spouse has an obligation to support the other spouse, *Bristow v. Bristow*, 221 Va. 1 (1980), and conversely no spouse by virtue of being a spouse has *ipso facto* a right to be supported by the other. Second, alimony or spousal support is based on need and it is not to be used as an instrument of punishment. *Baytop v. Baytop*, 199 Va. 388 (1957). Next, provision for support is controlled by the terms of § 20-107 (1981 Cum. Supp.), including its eight listed factors used in determining support, which was in effect at the time of the institution of this suit in 1981 and continues applicable to it.[1]

It would be futile to review the rather extensive evidence in detail respecting the statutory factors by which award of spousal support is determined. Nevertheless it is appropriate to mention some of the pertinent ones.

Up to the time of separation the parties were married for twenty-nine years, resulting in four children, all now adults. Both parties are slightly over fifty, have high school educations and are in good health.

The husband has secure employment with a telephone utility and earns nearly $35,000.00 per year, with substantial vested retirement benefits. For several years the wife has been a contract mail carrier for the United States Postal Service. No retirement or other benefits are in-

---

[1] This section carries its own restriction against awarding support to one guilty of fault closely similar to the restriction contained in Section 20-91(9)(c). Section 20-107.3 enacted in 1982 concerning "equitable distribution" of marital property is not applicable to the pending litigation, Acts 1982, c. 309, is in no way involved and is disregarded.

volved. The contract must be bid on periodically with the risks inherent in that procedure. In addition, there is some evidence of the possibility that letting contracts on her route may be abandoned by the postal service. During the past three years the contract payment, after deducting heavy expenses of operation, along with other tax considerations, has given her a taxable income from just under $10,000.00 to just over $15,000.00 per year.

Together with other modest investments the husband has real estate worth in the neighborhood of $200,000.00 encumbered to the extent of about $130,000.00. Gross rental income from three properties is nearly $12,000.00 per year. The wife owns real estate bought shortly before divorce proceedings were commenced valued at approximately $40,000.00 which after encumbrance has very little equity. She also has substantial other indebtedness. Both parties own motor vehicles and other items of tangible property.

The wife, out of concern for the continuance of her postal carrier contract, has for purposes of her future security commenced taking training as a licensed practical nurse, the cost of which is relatively modest but requires employment of assistance in discharging her mail carrier responsibilities. She also has several thousand dollars in debts, including income taxes owed, in addition to indebtedness on her real estate.

On consideration of the evidence as a whole and the factors mentioned in § 20-107, the Court is of the opinion that the wife is entitled to spousal support in view of her substantial indebtedness, the somewhat precarious basis for her present income, her loss of both title and equity through foreclosure sales of her interests in real estate formerly jointly owned with the husband, the financial impact of her obtaining education for a job skill and to assist her to adjust financially and otherwise to her changed circumstances.

The feeling of the parties toward each other is extremely bitter. For that reason extended payments in small amounts and the fact that the wife will be better served by a larger payment at this time make a lump sum award advisable. The amount of that sum is set at $13,000.00.

(3) Consideration of many factors which were relevant to the question of support indicates the wife is entitled

to contribution by the husband of a portion of her counsel fee in this matter. That sum is set at $750.00.