## CIRCUIT COURT OF WARREN COUNTY

Stubbs

 v.

Stubbs

June 30, 1983

Case No. (Chancery) 4341

By JUDGE HENRY H. WHITING

This Court has heard evidence *ore tenus* in support of the husband's claim for a divorce based on one year of separation and counsel were told at the hearing that the evidence was sufficient from which the Court could and did grant the relief.

The issues now are the wife's claim for spousal support and equitable distribution under the recently enacted statute.

### Statement of Facts

The parties were having considerable difficulties in the marriage while they were living in Alexandria, Virginia, as a result of which the husband left in April of 1979 and moved to Warren County, Virginia, with both the two younger children, the wife remained in Alexandria in the former home. The wife contended that the husband had beat her on a number of occasions in Alexandria and had forbidden her to speak to the children or they to her during the period of time or permitted her to prepare meals during this period, which was contradicted by the husband and both children, and the Court finds as a fact that this did not occur. After the husband left, the parties divided their jointly held real estate, each

taking one-half of the $18.000.00 equity in the house which had been sold, most of the furniture and personal property being left with the wife in Alexandria and moved at her request to one of her sister's homes where it was subsequently lost, according to the wife. The wife stopped working after the husband left, was ill and in the psychiatric ward of the hospital on several occasions, spending her $9,000.00 of the equity in the house to live on. The evidence also shows that the wife retained her own car but later let it go back to the finance company because she said she could not pay for it.

The husband took the older car or cars that he owned and a very small amount of the furniture and rented a trailer in Warren County with an option to buy it at a price of $7,500.00. The husband has expended most of his money in support of himself and the children and he has virtually none of it left. However, he does have equity in the trailer of a few thousand dollars and an inconsequential amount of personal property. The evidence also shows that the wife has incurred extensive hospital and doctor bills and that the husband's Army insurance has paid 80% of those amounts but the balance is still owed by either the husband or the wife or both of them.

The husband and wife had been separated for an extended period of time after the Alexandria separation, but in January 1981 the husband got the wife and brought her back to the trailer to live. Both he and the children said that he and they tried very hard to establish some sort of a normal family relationship but were completely unsuccessful. The wife apparently either began or continued to falsely accuse the husband of adultery with one or more women, incest with the daughter and apparently frequently disrupted the household with these bizarre and other accusations and "temper tantrums." While the husband does seem to be a somewhat rigid and judgmental person and unresponsive to the wife's need for treatment, the Court does not find that he drove the wife away or that he was guilty of cruelty to the wife.

The wife seeks spousal support of 10% of the husband's net pay after taxes, which would amount to an award of $82.00 a month, and for an equitable distribution of what she claims is marital property, contending it is $2,400.00.

The evidence shows that the wife left the Warren County home in August of 1981 and was shortly thereafter

committed on a motion by the husband to the psychiatric ward of the Winchester Memorial Hospital on an involuntary commitment. The parties have not lived together as man and wife since then. The husband contends that the wife left voluntarily and thus was guilty of desertion, which forfeited her right of spousal support ·even though not assigned as a ground of divorce. The evidence does not show that the wife did break off the matrimonial cohabitation *with an intent to desert* (emphasis added), *Breschel* v. *Breschel*, 221 Va. 208, 211 (1980); it is silent on the wife's intention since the husband had her committed so soon after she left the home the length of time is insufficient to infer an intent to desert. Moreover, the fact that the wife took no clothing or any articles of personal property from the home negates any intent to desert.

The evidence is sufficient to show that the wife had been guilty of mental cruelty for an extended period of time prior to the time she left. That cruelty consisted of:

(1) False accusations of incest leveled at and to her husband and their teenage daughter.

(2) Failure to perform any of the household duties normally expected of a wife and mother. Although the evidence is in dispute as to whether she was willing to do it, she claiming she was and the father and her son and daughter contending she was not willing to perform any wifely duties, the Court finds the evidence preponderates that she did not do any cooking, housecleaning or any tasks normally expected of a wife and clearly evidenced no intention of doing any of those tasks· during the entire period of several months before she left the home even though she was not working and had ample time in which to do it.

### Spousal Support

The Court has posed two questions to counsel:

First, may the husband defeat the wife's claim of spousal support on the grounds of her cruelty in bringing about a termination of the marital relationship even though not assigned as a ground of divorce?

Second, if so, was the cruelty sufficiently established so as to bar the wife; otherwise stated, is the

husband required to show an adverse effect upon his physical or mental health?

The proof fails to establish that the health of the husband was adversely affected to the extent required to establish serious nervous or mental disease. *Humphreys v. Humphreys*, 139 Va. 146 (1924); *Bennett v. Bennett*, 179 Va. 239 (1942).

The Court need not answer the first question because the second question is answered by *Humphreys* and *Bennett*, *supra*.

Since the husband is not entitled to a divorce based on the grounds of cruelty and thus the wife has passed the first of the two-step determinations, *Thomasson v. Thomasson*, 225 Va. 394 (1983), the Court must now consider the relative needs and abilities of the parties in fixing spousal support, taking into consideration the nine factors specifically listed in Virginia Code § 20-107.1. After a careful consideration of all the evidence and those factors, it is the opinion of the Court that the wife is not entitled to spousal support in this case. The more salient reasons are:

(1) The wife is able to work and to support herself. Indeed, she testified that she had done nursing work for acquaintances over an extended period, and the widow of the man she assisted in nursing testified that she was competent to hold down a nursing or other job and that she had offered to pay her but Mrs. Stubbs had refused any compensation although, of course, she was living in the home rent free and without paying for her own board. Mrs. Stubbs's age and health are such that she could obtain a job and become again self-supporting. The evidence shows that she has had a responsible job since her mental illness, and the Court believes that having a job could only improve her own self-image. Although the evidence was more specific in *Thomasson*, where a trial court was sustained in denying spousal support to a wife who had recently recovered from a mental illness, and there was no evidence from a psychiatrist that Mrs. Stubbs's mental condition would improve if she returned to work, the evidence in this case showed that her mental condition did improve and that she was free from the symptoms which had temporarily incapacitated her after the first separation and again after the second and final separation.

(2) The husband's income is barely sufficient to provide minimal support for himself and the dependent son. The husband has expended practically everything he got from the initial property division in support of the children with no assistance from the wife and may be required to pay the remaining hospital bills of the wife.

### Equitable Distribution

The wife has sought a monetary award under Section 20-107.3 in property she alleges is marital property and consisting of the husband's equity in the trailer. The Court does not believe a monetary award is appropriate because the property was no longer marital property, it having been allocated to the husband in the prior division of the property after the separation in Alexandria. Although there was no formal agreement dividing the property, the Court does not see why an *ad hoc* agreement between the two parties should not bind them and convert the property so partitioned into separate property. Once the property is separate, the reconciliation should not convert it into marital property. *Moore* v. *Moore*, 287 S.E.2d 185 (Ga. 1982) (subsequent remarriage of the parties does not necessarily convert separate property awarded wife in the prior divorce into marital property).

If the property is not separate property as a matter of law based on the voluntary division, taking into consideration the eleven factors set forth in Virginia Code Section 20-107.3(E), the Court does not believe the wife should share in the few assets the husband retained after the parties separated, specifically but not limiting the holding to the specific reasons the Court notes:

(1) The equities in the case militate against giving the wife a part of the husband's property after he had already surrendered a 50% interest to the wife and she had dissipated it. This property was virtually all that the husband retained of his share of the prior division, the balance being expended in supporting himself and the children.

(2) The husband has made the only significant monetary and nonmonetary contribution to the well-being of the family since the initial separation in Alexandria.

(3) The circumstances and factors contributing to the dissolution of the marriage, while not showing that the husband would have been entitled to a divorce from the wife on any of the fault grounds listed, do show that the wife's temperament destroyed any possibility of a normal marriage and certainly a relationship which could only damage the children, who were privy to the wife's temper tantrums and false accusations as to incest and infidelity.

Counsel for the husband may draw a decree granted a divorce based on one-year's separation, denying spousal support and equitable distribution upon the grounds set forth in this letter, reserving the wife's objections to the Court's rulings.