## CIRCUIT COURT OF HENRICO COUNTY

Betty Lasater Spargo

    v.

Byron D. Spargo

December 1, 1983

Case No. 77-C-629

By JUDGE L. PAUL BYRNE

This cause is before the Court on the issue of entitlement of the plaintiff to permanent spousal support and attorney's fees and costs.

Since the Court awarded the plaintiff a final decree of divorce on April 4, 1983, from the defendant on the ground of wilful desertion by the defendant for a period of more than one year, it does not consider it necessary to further particularize the facts relative to the conduct of the parties during the marriage.

The parties were married on July 12, 1958, in Payne County, Oklahoma, and separated on June 26, 1977, in the County of Henrico. There were two children born of the marriage, namely, Gwendolyn Dee Spargo and Leslie Rachelle Spargo, who were aged sixteen and twelve years, respectively, at the time of separation. On October 14, 1977, the Court entered an Order awarding custody of the infant daughters to the plaintiff and requiring the defendant to pay $400.00 per month as alimony and support for the plaintiff and $600.00 per month for the support of the children, commencing October 1, 1977. Both daughters are now over eighteen years of age and reside in the former marital residence with the plaintiff at 8415 Zell Lane

in Henrico County. The residence is jointly owned by the parties, having been purchased in 1969-1970, and is presently assessed for tax purposes at $57,600.00. There was a balance due of $21,775.42, as of December 31, 1979, under a Deed of Trust mortgage and the monthly mortgage payment is $247.11, including taxes and insurance. The plaintiff has continued to maintain the residence for herself and the children and the mortgage payments are current. The eldest daughter has completed college and the younger daughter is planning to attend in the near future.

The plaintiff and the defendant are forty-seven years of age and in apparent good health. The plaintiff attended Oklahoma State University for two years, has never been employed outside of the home and has no marketable skills. The defendant is a graduate engineer and has taken some courses toward a Masters Degree in Business Administration. He is employed as a mechanical engineer with Kaiser Engineering Company and resides in Baton Rouge, Louisiana. The defendant's monthly gross income is $4,240.00 or $50,880.00 per year. For some period from the date of the Court's *pendente lite* Order of October 14, 1977, to the present, the defendant voluntarily increased the monthly support payments resulting in an overpayment to the plaintiff of approximately $21,000.00. Neither party has remarried.

The evidence before the Court discloses the plaintiff's needs for basic living expenses, as adjusted for reasonableness, including the mortgage payments and repairs on the jointly owned residence, to be approximately $1300.00 per month. The defendant's gross monthly income is $4,240.00 less deductions of $1428.00, leaving a monthly net income of $2,812.00. His basic living expenses, after adjustment for reasonableness, are approximately $1600.00 per month. Other than the equity in the jointly owned residence and $2,000.00 in a trust fund from her grandmother for the benefit of the plaintiff, there are no other assets of significant value as shown by the evidence before the Court.

The defendant in his argument concedes that the plaintiff has shown a need for spousal support and that he has the ability to pay, but contends that the award for spousal support should be reasonable in view of the

plaintiff's age, health and education and the obligation imposed upon her under the law to seek employment and help support herself. In support of this argument, he cites the language of the Supreme Court in *Babcock* v. *Babcock*, 172 Va. 219 at 225 (1939). There the Court, citing an earlier case of *Barnard* v. *Barnard*, 132 Va. 155 (1922), stated:

> In fixing alimony it must be borne in mind that under modern conditions there is open to the wife practically every avenue for making money that is open to her husband; and that by decree of the court she is released from her household duties, and she has no right to remain idle at the expense of her former husband, although it was through his fault that she was compelled to ask that the contract of marriage be rescinded.

Those cases, however, are readily distinguishable from the instant case. In *Barnard*, the parties were less than thirty years of age and in *Babcock*, the husband was a retired Methodist minister who was over seventy years of age and not in good health, while the wife was forty-five years old, in good health and the marriage had endured for only eighty-two days. In this case, the marriage has endured for twenty-five years, (nineteen years up to the date of separation), the last six years of which, the plaintiff has remained in the home and maintained it for the benefit of their daughters while the defendant has chosen to live outside of the home. Of course, the Court recognizes that she has been able to maintain the home by virtue of the support contributed by the defendant.

In *Bristow* v. *Bristow*, 221 Va. 1 (1980), the Supreme Court held that neither party to a divorce has an automatic obligation to support the other. However, where the wife establishes her need for support and the husband's ability to provide it, and she was not shown to be guilty of misconduct entitling her husband to a divorce, the Court has no choice but to award the wife support and maintenance and the law requires a husband, within the limits of his financial ability, to maintain the wife in the manner

to which she was accustomed during the marriage. *See Robertson* v. *Robertson*, 215 Va. 425 (1975); *Butler* v. *Butler*, 217 Va. 195 (1976); and *Thomas* v. *Thomas*, 217 Va. 502 (1976). Such an award must be based upon the circumstances disclosed by the evidence at the time of the hearing before the Court and the Court must consider all of the factors contained in Virginia Code § 20-107, in effect at the time this case was filed, in making its award. *See Bristow* v. *Bristow, supra*, and *Jacobs* v. *Jacobs*, 219 Va. 993 (1979).

Applying those principles to the instant case, the Court finds that the plaintiff has established her need for support and the defendant's ability to pay. After careful consideration of the evidence and all of the factors contained in Code § 20-107, the Court holds that the defendant shall pay to the plaintiff the sum of $1,000.00 per month as spousal support from which, she will continue to make the mortgage payments on the jointly owned residence and, further, that the defendant shall pay to the plaintiff the sum of $750.00 on account of attorney's fees for services rendered on her behalf in the prosecution of this suit.