## PAMELA DENISE LAWSON COLLINS

### v.

## TIMOTHY LOUIS COLLINS

Record No. 840537

April 24, 1987

Present: Carrico, C.J., Cochran,* Poff, Compton, Stephenson, Russell, and Thomas, JJ.

---

\* Justice Cochran participated in the hearing and decision of this case prior to the effective date of his retirement on April 20, 1987.

*(John Farmer; Wolfe & Farmer*, on brief), for appellant. Appellant submitting on brief.

*(Elizabeth S. Sturgill; Sturgill & Sturgill, P.C.*, on brief), for appellee. Appellee submitting on brief.

POFF, J., delivered the opinion of the Court.

This appeal challenges the chancellor's denial of spousal support in a no-fault divorce decree. The decree was entered on evidence taken by deposition.

Timothy and Pamela Collins were married in 1973. In 1982, Pamela filed a bill seeking a divorce on the ground of constructive desertion. Timothy answered and filed a cross-bill seeking a divorce on the ground of desertion or, in the alternative, a no-fault divorce as provided in Code § 20-91(9). By final decree entered January 12, 1984, the chancellor dismissed Pamela's bill, granted Timothy's prayer for a no-fault divorce, awarded Pamela custody of the four children born of the marriage (the oldest of whom was 10 years of age), and ordered Timothy to pay Pamela $540 per month for child support and $350 for attorney's fees.

In a letter opinion, the chancellor held that "[t]he wife will not be entitled to spousal support", and that ruling was expressly reaffirmed in the final decree. On appeal, Pamela confines her complaint to that ruling. Specifically, she contends that "[t]he court below erred in failing to consider the provisions of [Code] § 20-107", and she asks us to remand the cause for a spousal-support determination.

■ Our decision in this case is guided by three recent decisions of this Court. In *Brooker* v. *Brooker*, 218 Va. 12, 235 S.E.2d 309 (1977), the no-fault divorce decree was silent on the question of spousal support. We remanded the cause for a determination of that question because the chancellor failed to make "any finding respecting the various factors required to be considered under Code § 20-107." *Id.* at 13, 235 S.E.2d at 310. In the no-fault divorce decree entered in *Bristow* v. *Bristow*, 221 Va. 1, 267 S.E.2d 89 (1980), the chancellor ruled that "the wife 'is not entitled to either further support . . . or any future support.' " *Id.* at 3, 267 S.E.2d at 90. The husband defended the ruling as an act of judicial discretion. We held that "the statute [Code § 20-107] commands that, in order to exercise its discretion, '[t]he court shall . . . consider' the specific factors contained therein." *Id.* Because the chancellor felt it necessary to consider only one of the six statutory factors, we remanded the cause and instructed the chancellor to "hear such additional evidence as may be relevant to consideration of all the factors enumerated in Code § 20-107". *Id.* at 4, 267 S.E.2d at 90-91.

■ In *Thomasson* v. *Thomasson*, 225 Va. 394, 398, 302 S.E.2d 63, 66 (1983), we defined the two-step process required in the determination of an application for spousal support. Unlike the decisions in *Brooker* and *Bristow*, we affirmed a no-fault decree which made no provision for spousal support because the record before us, including a letter opinion, made it clear that "the chancellor gave careful consideration to all of the statutory factors." *Id.* at 399, 302 S.E.2d at 66.

■ The letter opinion and the decree now under review contain no findings underlying the chancellor's ruling that "[t]he wife will not be entitled to spousal support." Because the ruling is purely conclusory, we cannot tell whether it was based upon a finding that Pamela was guilty of marital fault amounting to a ground for divorce (see Code § 20-91(9)(c)), or that Timothy was unable to make support payments, or that Pamela did not need support.

■ Reaffirming the rule distilled from the opinions we have cited, we hold that when a divorce decree, grounded in Code § 20-91(9), denies an award of spousal support (whether expressly or by failure to address the issue), the decree will be reversed and the cause remanded unless the record on appeal reveals that the chancellor made a finding, supported by credible evidence, either (a) that the appellant was guilty of a violation of

Code § 20-91(1), (3), or (6) or § 20-95, or (b) that, in consideration of the several factors enumerated in Code § 20-107.1,* the equities of the parties weighed against an award of spousal support.

We will reverse the decree insofar as it denies Pamela spousal support and remand the cause with instructions to conduct a new evidentiary hearing and to enter a decree in compliance with the rule we have defined.

*Reversed and remanded.*

---

* Code § 20-107.1 is the statutory descendant of Code § 20-107 which was repealed by Acts 1982, c. 309.