COURT OF APPEALS OF VIRGINIA

Present:   Judges Haley, Millette and Senior Judge Coleman

KATHLEEN A. DUKE

                                                    MEMORANDUM OPINION[*]
v.       Record No. 2692-07-2                       PER CURIAM
                                                    MAY 27, 2008
ANDREW L. DUKE


               FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
                            George Mason, III, Judge

               (Richard L. McGarry; The Law Office of Richard L. McGarry, on
               briefs), for appellant.

               (R. Ted Butler; Rinehart, Lowery, Strentz & Butler, P.L.C., on brief),
               for appellee.


        Kathleen A. Duke, wife, appeals from the circuit court's final decree entered on October

15, 2007.  She argues on appeal that the trial court erred in (1) refusing to order Andrew L.

Duke, husband, to pay her spousal support; (2) imputing income to her; and (3) setting her appeal

bond at $15,113.68.  Husband moves for an award of appellate attorney's fees and costs.

        Upon reviewing the record and the briefs of the parties, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the decision of the trial court.  See Rule

5A:27.

                                    STANDARD OF REVIEW

        In her brief, wife sets forth the proper standard of review, namely, on appeal, "we

consider the evidence in the light most favorable to the party prevailing in the trial court."

Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 23, 30 (1989).  However, the

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

heading she uses to indicate her presentation of the facts reads as follows: "Statement of Facts in the Light Most Favorable to the Prevailing Wife." In the opinion letter in which the trial court ruled on wife's exceptions to the commissioner's report, it directed husband's attorney, as the "substantially prevailing attorney, to prepare a decree reflecting the trial court's decisions." Because wife is appealing the trial court's rulings that were unfavorable to her, we view the facts as to those issues in the light most favorable to the husband, who substantially prevailed at trial.

BACKGROUND

The parties were married on December 27, 1991. Two children were born of the marriage. Husband filed a bill of complaint for divorce on May 17, 2006, and was granted custody of the parties' minor children on November 29, 2006. On February 5, 2007, the trial court referred issues of equitable distribution and support to a commissioner in chancery.

The commissioner conducted an evidentiary hearing on May 23, 2007, at which husband introduced income and expense statements for the period of July 17, 2006 through May 23, 2007. Evidence established that wife is a registered nurse and has the ability to earn $25 per hour and work a forty-hour week. The commissioner admitted into evidence wife's pay receipt from Snowden of Fredericksburg, a mental health and substance abuse facility, showing that wife worked 93.75 hours during the period from September 3, 2006 through September 16, 2006, and earned gross pay of $2,197.66 for that period. Wife earned $28 per hour for 72.5 regular hours, plus additional hourly premiums for working overtime, weekends, and/or holidays. Wife offered no proof of her expenses, but testified she is thirty-seven years old, in good physical health, and is able to work. Wife testified she left Snowden for a lower paying position in the local school system, making $33,000 per year, beginning in September 2007. Based on this evidence, the commissioner found that wife was underemployed and imputed income to her for forty hours per week at $25 per hour.

Using the child support guidelines, the commissioner found that wife's child support obligation, beginning August 1, 2007 was $633 per month and that wife owed husband child support totaling $11,315.68 for the period of May 17, 2006 through July 31, 2007. The commissioner filed her report in the trial court, and wife filed exceptions. On July 13, 2007, the trial court conducted a hearing on the matter.

On September 18, 2007, the trial court issued an opinion letter in which it ruled on wife's twelve exceptions to the commissioner's report. The trial court incorporated that letter into the final decree of divorce entered on October 15, 2007.

On October 25, 2007, husband, the plaintiff in the divorce action, informed wife of his intention, pursuant to Code § 8.01-428(B), to move the trial court to correct a typographical error in its final decree, which incorrectly stated, "a total arrearage amount of $11,315.68 is owed by the Plaintiff for child support."

On November 13, 2007, the trial court orally set an appeal bond in the amount of $15,113.68. The clerk's office notified wife's attorney of the bond on December 11, 2007.

### I. and II.  SPOUSAL SUPPORT

Wife argues that the trial court erred in declining to award her spousal support. She sets forth several grounds, including:  the parties' agreement in marriage had been that he would provide for the family financially and she would stay at home to raise their children; the trial court ignored evidence of payments made for wife's expenses during the pendency of the divorce to show her financial need; and spousal support is required for a blameless spouse whose need can be gleaned from any source.

On appeal, "[a] determination as to spousal support will not be disturbed except for a clear abuse of discretion." Thomasson v. Thomasson, 225 Va. 394, 398, 302 S.E.2d 63, 66 (1983). In exercising its discretion, the trial court must consider all the factors enumerated in

Code § 20-107.1(E) when fashioning its award, but it is not "required to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors." Woolley v. Woolley, 3 Va. App. 337, 345, 349 S.E.2d 422, 426 (1986) (holding that trial court's findings "must have some foundation based on the evidence presented"). Where a sufficient evidentiary foundation exists and the record discloses that the trial court "has given due consideration to each of [the statutory] factors," we will not disturb its determination as to spousal support on appeal. Thomasson, 225 Va. at 398, 302 S.E.2d at 66. Moreover, the "party seeking spousal support bears the burden of proving all facts necessary for an award." Robbins v. Robbins, 48 Va. App. 466, 484, 632 S.E.2d 615, 624 (2006).

In addressing wife's objection to not receiving spousal support, the trial court reviewed the commissioner's report and evaluated and analyzed separately each factor set forth in Code § 20-107.1(E). The trial court found "[t]here was a paucity of information from the Wife and there was not enough evidence to determine the Wife's obligations, needs and resources," both parties are capable of working full time, wife is underemployed, and wife did not provide sufficient "helpful information" of her financial and employment status to support an award of spousal support. The record supports those findings. Accordingly, the trial court did not abuse its discretion in refusing to award wife spousal support.

Wife also argues that the trial court "further erred in ignoring the evidence of [her] expenses" that husband was ordered to pay. In her brief, wife cites an unpublished opinion to support her assertion that it is not necessary that a party file an income and expense statement in order to establish financial needs and obligations. A review of the appendix pages, and the exceptions and objections cited by wife, fail to show she made this specific argument at trial.

"The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). See Rule 5A:18. Accordingly, Rule 5A:18 bars our consideration of this question on appeal.

### III. IMPUTING INCOME TO WIFE

In determining the parties' income for spousal support purposes, "a court may impute income to a party who is voluntarily unemployed or underemployed," Calvert v. Calvert, 18 Va. App. 781, 784, 447 S.E.2d 875, 876 (1994), including the party seeking support, Srinivasan v. Srinivasan, 10 Va. App. 728, 734, 396 S.E.2d 675, 679 (1990). "This conclusion flows logically from the principle that one who seeks spousal support is obligated to earn as much as he or she reasonably can to reduce the amount of the support need." Id. The supported spouse "may not choose a low-paying position that penalizes the [payor] spouse." Konefal v. Konefal, 18 Va. App. 612, 614, 446 S.E.2d 153, 154 (1994). Factors for a court to consider include a party's "earning capacity, financial resources, education and training, ability to secure education and training, and other factors relevant to the equities" of the spouses. Joynes v. Payne, 36 Va. App. 401, 421, 551 S.E.2d 10, 19 (2001).

The evidence established that wife was trained as a registered nurse and has the ability to work full-time earning at least $25 per hour during a forty-hour week. At that rate, wife could earn $52,000 per year. The evidence also showed that wife voluntarily left her job at Snowden and accepted a job at a local public school earning $33,000 per year. Based on the evidence presented, the trial court did not abuse its discretion in imputing income to wife and finding her underemployed.

### IV. SETTING WIFE'S APPEAL BOND AT $15,113.68

Wife presented the following question as to this issue:

> Whether the trial court further erred in setting the deserted wife's
> bond for this appeal at over $11,000, when, first, she has even paid

[sic] all of the court-ordered support for her children except for $424.00, and second, the final divorce decree orders that a "total arrearage amount of $11,315.68 is owed *by the Plaintiff* for child support beginning May 17, 2006 and continuing to July 31, 2007," and Andrew L. Duke *was* the Plaintiff, and, finally, that even the order recognizing the arrearage *by* the Plaintiff was prepared *by* the Attorney *for* the Plaintiff?"

Wife indicated in her question presented that this issue was "[n]ot raised in the trial court as there was no opportunity after the court set the bond."

### Failure to Raise Issue

The manuscript record from the trial court contains a document certified by the deputy clerk of the trial court that the trial court orally contacted a circuit court deputy clerk of the appeal bond on November 13, 2007, and the deputy clerk "left voicemail" for wife's attorney on December 11, 2007.

Although wife indicated she did not have the benefit of a hearing or prior notice of an intention to set the bond, she does not state that she did not receive notice of the amount of the bond. Moreover, the record fails to show that wife filed any motions or objections in the trial court challenging the method of calculating the appeal bond or the amount she owed.

"The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree, 26 Va. App. at 308, 494 S.E.2d at 488. See Rule 5A:18.

Wife failed to object to the bond as set; therefore Rule 5A:18 bars our consideration of this question on appeal. Moreover, because the evidence showed that wife owed the child support arrearage, because Code § 8.01-676.1(A) allows a trial court to set an appeal bond at "$500 or such sum as the trial court may require," and because there was no evidence before the trial court that wife had paid part of the arrearage or that the bond from the juvenile court appeal

was not or would not be credited to her arrearage,[1] the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

Typographical Error

Although wife included in her question presented the fact there was a typographical error in the final decree, she failed to include any argument in her brief as to why that error, which husband timely moved to correct pursuant to Code § 8.01-428(B) on October 29, 2007, was reversible error.  Absent any reference in her argument to the typographical error, there is nothing for us to review.  See Rule 5A:20(e) (requiring opening brief to contain the argument relating to the question presented).

Code § 8.01-428(B) authorizes the correction of "[c]lerical mistakes in all judgments." "[T]o invoke such authority the evidence must clearly support the conclusion that an error of oversight or inadvertence has been made." Cass v. Lassiter, 2 Va. App. 273, 277, 343 S.E.2d 470, 473 (1986).  The record here clearly supports the conclusion that the word "Plaintiff" on page 3 of the final decree was a typographical error intended to refer to "Defendant."[2]  However, we were unable to locate in the record on appeal an order granting husband's motion to correct the typographical error or a corrected order.  Accordingly, we remand the matter to the trial court for the sole purpose of correcting the clerical error in the decree.

---

[1] Wife's argument is belied by language in the final decree directing that "the $2,700 being held by the [trial court] clerk should be paid to the Plaintiff and he should report said amount to DCSE in order for that amount to be credited to the overall arrearage amount."

[2] In addition to wife's dispute with the amount of child support owed by her, the record shows the commissioner calculated and listed her child support obligation from May 17, 2006 until July 31, 2007 at $11,315.68, a finding which the trial court ratified, confirmed, and approved in its opinion letter.

HUSBAND'S REQUEST FOR ATTORNEY'S FEES AND COSTS ON APPEAL

Husband asks this Court to grant him an award of attorney's fees and costs for prosecuting this appeal. He argues the appeal "is frivolous." We disagree and decline to award appellate fees to husband. <u>See</u> <u>Petry v. Petry</u>, 41 Va. App. 782, 796 n.7, 589 S.E.2d 458, 465 n.7 (2003); <u>O'Loughlin v. O'Loughlin</u>, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).

For the reasons stated, we summarily affirm the decision of the trial court and remand only for correction of the typographical error. <u>See</u> Rule 5A:27.

<u>Affirmed and remanded</u>.