COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judge McClanahan and Senior Judge Clements
Argued by teleconference


ALISA M. COSTANZO

                                           MEMORANDUM OPINION[*] BY
v.      Record No. 2357-10-2              JUDGE ELIZABETH A. McCLANAHAN
                                                  JULY 12, 2011
VINCENT J. COSTANZO


            FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                          Timothy J. Hauler, Judge

            Henry W. McLaughlin (The Law Office of Henry W. McLaughlin,
            P.C., on brief), for appellant.

            No brief or argument for appellee.


        Appellant, Alisa M. Costanzo (wife), appeals from a final decree of divorce and argues the

trial court erred in declining to rule upon her request for spousal support.[1]  We find the trial court

erred in ruling wife failed to present sufficient evidence to enable it to determine the issue of spousal

support.

        The parties were married in 1987 and had three sons, born in 1987, 1991, and 1999, and

one daughter, born in 1990.  The parties separated in 2006, and husband filed a complaint for

divorce in 2007.  At a hearing in July 2010, wife presented evidence ore tenus and by deposition to

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] This is the second time this case has come before us on appeal.  In the first appeal, we
reversed the decree of divorce entered in December 2007 finding the trial court erred in refusing
to permit wife to file an amended answer to husband's complaint for divorce.  We remanded the
case to the trial court for further proceedings.  See Costanzo v. Costanzo, Record No. 0174-08-2,
2009 Va. App. LEXIS 38 (Va. Ct. App. Feb. 3, 2009).

support her request for a review of spousal support.[2]  Wife's evidence specifically included her

current monthly income and expenses,[3] husband's current monthly income and expenses,[4] and

evidence regarding the lifestyle enjoyed by the parties during their marriage.[5]  In September 2010,

the trial court issued a letter opinion wherein the court stated it was "not in a position to address the

issue of spousal support for [wife]" because "[wife] presented no evidence regarding her financial

needs."[6]  The trial court further ruled it "can only reserve to [wife] the right to petition the Court for

---

[2] Husband's complaint for divorce states the juvenile and domestic relations district court determined wife's spousal support.  Wife testified husband was ordered by the JDR court to pay her $486 per month, of which approximately $380 was spousal support.  During oral argument, wife's counsel represented that wife's spousal support was terminated by the trial court's order declining to address spousal support.

[3] Wife testified at her deposition in June 2010 that her income, derived primarily from house cleaning and occasionally from catering jobs, ranges from $1,100 to $1,500 per month. Wife introduced a document reflecting her monthly budget as of June 2010, which contains an itemized list of wife's monthly expenses that total approximately $2,800 per month.  Wife also introduced her 2008 and 2009 tax returns, reflecting $12,550 and $11,486 gross income respectively.

[4] Husband testified at his deposition in November 2009 that his income as a mortgage loan originator ranges from $3,000 to $3,500 per month.  Prior to this Court's order reversing the December 2007 divorce decree, husband married Lina Costanzo.  He lives with Lina in a house owned by her and pays no rent.  He borrowed money from a friend to purchase a vehicle and pays approximately $325 per month for the vehicle.  Husband testified he "nets" $1,000 per month after payment of taxes, insurance, and support payments to wife.  This amount is deposited into a joint account he maintains with Lina who allocates it to utilities and other joint expenses as she sees fit.

[5] Wife testified the parties' arrangement during their marriage was for husband to be the sole financial provider and wife to stay home and provide the childcare, housework, and cooking.  Wife was also responsible for home-schooling the children, shopping, and some yard work.

[6] In its letter opinion, the trial court specifically found that "[husband's] present income was $22,500 for the year, as of the date of the Equitable Distribution hearing on July 9, 2010" and that "[wife] earns between $1,000 and $1,400.00 per month."  The trial court further found that the parties enjoyed a middle class lifestyle and agreed husband would support the family financially and wife would care for the children and marital home.  Additionally, the trial court found that husband currently owes $30,000 in taxes, as a result of which wife's tax refund was deducted by $1,657 "and will continue to be deducted for the foreseeable future."  According to

spousal support at a later date as circumstances may require, based upon a bona fide need." The trial court entered a final divorce decree in October 2010 reflecting the rulings set forth in its letter opinion. Wife filed a motion for reconsideration asking the trial court to reconsider its ruling regarding spousal support since the budget she submitted demonstrated her need for spousal support. Denying wife's motion, the trial court stated that the "information pertaining to the income, expenses and needs of the [wife], as well as that presented regarding the [husband], is deficient, out-of-date and totally inadequate to allow the Court to properly assess the [wife's] needs as well as the [husband's] ability to pay."

It is well established that spousal support decisions are within the broad discretion of the trial court. Fadness v. Fadness, 52 Va. App. 833, 845, 667 S.E.2d 857, 863 (2008). In making its determination, the trial court must consider all of the thirteen factors enumerated in Code § 20-107.1(E), id. at 846, 667 S.E.2d at 863, and set forth "findings or conclusions identifying the [Code § 20-107.1(E)] factors . . . that support the spousal support award," Robinson v. Robinson, 50 Va. App. 189, 196, 648 S.E.2d 314, 317 (2007).[7] When the trial court has duly considered these factors, "its determination 'will not be disturbed except for a clear abuse of discretion.'" Dodge v. Dodge, 2 Va. App. 238, 246, 343 S.E.2d 363, 367 (1986) (quoting Thomasson v. Thomasson, 225 Va. 394, 398, 302 S.E.2d 63, 66 (1983)). "The requirement that the trial court consider all of the statutory factors necessarily implies substantive consideration of the evidence presented as it relates to all of these factors." Woolley v. Woolley, 3 Va. App. 337,

---

the trial court, "[husband's] Virginia tax and medical debt has had a negative [e]ffect on [wife], as he has left the Commonwealth, leaving the debts to be assumed by [wife]." The trial court did not discuss or make any reference to the budget introduced by wife.

[7] Although the trial court identified the factors enumerated in Code § 20-107.1(E) and either discussed them or referred to an earlier section in its opinion, the trial court ultimately declined to rule upon the issue of spousal support.

345, 349 S.E.2d 422, 426 (1986). As such, "the court's findings must have some foundation based on the evidence presented." Id. And "if the court's findings do not have evidentiary support in the record, then the court has abused its discretion." Id.

We agree with wife that the trial court's findings do not have evidentiary support in the record. In its final decree of divorce, the trial court found that "[wife] presented no evidence regarding her financial needs," in complete disregard of wife's budget. And in denying wife's motion for reconsideration, the trial court stated it found that the "information pertaining to the income, expenses and needs of the [wife], as well as that presented regarding the [husband], is deficient, out-of-date and totally inadequate to allow the Court to properly assess the [wife's] needs as well as the [husband's] ability to pay." However, wife's evidence specifically included her current monthly income and expenses as well as her husband's current monthly income and expenses. This evidence was not deficient, out-of-date nor inadequate, but was sufficient to enable the trial court to assess her financial needs and husband's ability to pay. See, e.g., Fadness, 52 Va. App. at 846, 667 S.E.2d at 863-64 (wife met burden of producing evidence from which trial court could make an award of spousal support). Although the trial court preserved wife's right to petition the court for spousal support at a later date, we fail to see why the wife would need to present evidence more specific than that already presented to the court to support her request. Accordingly, the trial court abused its discretion in refusing to determine the issue of spousal support.

For these reasons, we reverse the judgment of the trial court and remand this case for a determination of the issue of spousal support based upon the existing record and in keeping with this opinion.

                                                                    Reversed and remanded.