**Richmond**

WALTER A. KONEFAL

v.

MARGARET MOORE KONEFAL

No. 0189-93-1

Decided July 5, 1994

COUNSEL

Joseph P. Massey (Cooper, Spong & Davis, on brief), for appellant.

Paul M. Lipkin (Goldblatt, Lipkin & Cohen, P.C., on brief), for appellee.

OPINION

**BARROW, J.**—The husband appeals the trial court's judgment of divorce based on separation, its award of spousal support, and its equitable distribution of marital property. Finding no error, we affirm.

## SEPARATION

The trial court did not abuse its discretion in granting the wife a divorce based on a year's separation. The evidence supported a finding that the parties had lived separate and apart for more than a year, excluding the time during which they inhabited the same house, before entry of the final decree. One ground of divorce is not entitled to precedence over another. *Williams v. Williams*, 14 Va. App. 217, 220, 415 S.E.2d 252, 254 (1992). "[W]here dual or multiple grounds for divorce exist, the trial

judge can use his sound discretion to select the grounds upon which he will grant the divorce." *Id.* Furthermore, the evidence supported a finding that the parties separated by mutual consent, even though the husband may have later refused to give the wife permission to move out of the home. Therefore, the trial court was not plainly wrong in refusing to grant the husband a divorce on the ground of the wife's desertion.

## SPOUSAL SUPPORT

■ Decisions regarding "spousal . . . support rest within the sound discretion of the trial court and will not be reversed on appeal unless plainly wrong or unsupported by the evidence." *Floyd v. Floyd*, 17 Va. App. 222, 224, 436 S.E.2d 457, 458 (1993). The trial court must consider the earning capacity of the parties in setting the amount of spousal support. Code § 20-107.1. The party seeking spousal support must earn as much as he or she reasonably can to reduce the amount of the support needed, and may not choose a low-paying position that penalizes the other spouse. *Srinivasan v. Srinivasan*, 10 Va. App. 728, 734, 396 S.E.2d 675, 679 (1990). Under appropriate circumstances, a court may impute income to the party seeking spousal support. *Id.*

In this case, the wife has been continuously employed since 1973. When she changed from part-time to full-time employment as a professor at Norfolk State University, the wife earned a yearly salary of $30,100. By 1990, the wife's annual income totaled $41,662. The wife accepted new employment in October 1990, and by 1991, her yearly income was $72,772. This credible evidence supported the trial court's finding that the wife was not voluntarily underemployed.

■ Furthermore, the trial court had discretion to enter the award of spousal support effective any time after the date of the commencement of the suit. *Young v. Young*, 215 Va. 125, 126, 207 S.E.2d 825, 825 (1974). The differing amounts of support awarded for the period are warranted by the wife's differing incomes at the time the suit was filed and at the time the support award was entered. *See Jacobs v. Jacobs*, 219 Va. 993, 254 S.E.2d 56 (1979) (award must be based on circumstances disclosed by the evidence at the time of the award, not upon speculative future circumstances). Code § 20-107.1 does not preclude the court from exercising its discretion to take such a change into ac-

count when making an award. Therefore, the March 26, 1993 award for the period beginning July 1991 was not improper.

## EQUITABLE DISTRIBUTION

The husband excepted to the commissioner's "equitable distribution relief as being excessive and contrary to the law and the evidence, particularly in that the $15,000.00 lump sum award is excessive, the division of the proceeds of the marital residence is excessive as well as the other equitable distribution award made thereunder including 50% of his pension, which is extremely excessive and contrary to the law and the evidence." He made no other objection relating to these issues, and the final order states only that the husband "duly excepts." He signed the award as, "Seen and Objected To as Noted." The husband's argument on the exceptions is not contained in the record.

The bare assertion that an award is "contrary to the law and the evidence is not sufficient to constitute a question to be ruled upon on appeal." Rule 5A:18. "[E]ndorsing a decree 'seen and objected to' does not preserve an issue for appeal unless the record further reveals that the issue was properly raised for consideration by the trial court." *Twardy v. Twardy*, 14 Va. App. 651, 657, 419 S.E.2d 848, 851 (1992) (en banc); *see Lee v. Lee*, 12 Va. App. 512, 514-15, 404 S.E.2d 736, 737-38 (1991) (en banc).

The husband does not direct our attention to any place in the record where issues, other than excessiveness, were raised before the trial court. Consequently, we are barred from considering any issue relating to the equitable distribution awards except the contention that they are excessive. We have reviewed the record before us and have concluded that credible evidence supports the trial court's monetary award, its equal division of the proceeds from the sale of the marital home, and its division of the parties' pensions.

## ATTORNEY'S FEES AND COSTS

The husband contends that he should not have been required to pay $3500 for his wife's attorney's fees or sixty-five percent of the costs. A trial court's decision to award attorney's fees will not be disturbed on appeal absent an abuse of discretion. *Clayberg v. Clayberg*, 4 Va. App. 218, 220, 355 S.E.2d 902, 903

(1987). Finding no abuse of discretion, we affirm the award of attorney's fees and the division of the costs.

Barred from reversing the decree because of the remaining issues to which exceptions were not noted, we hold that no reversible errors are reflected in the record. Accordingly, we affirm the decree.

*Affirmed.*

Benton, J., and Willis, J., concurred.