COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Elder and Annunziata
Argued at Salem, Virginia


FLAVIA DIAZ de TANGER
                                    MEMORANDUM OPINION* BY
v.          Record No. 0509-95-3      JUDGE LARRY G. ELDER
                                         APRIL 23, 1996
WILLIAM HENRY TANGER, III


            FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
                      Roy B. Willett, Judge


            David A. Furrow (Law Office of David A.
            Furrow, on briefs), for appellant.

            Harwell M. Darby, Jr. (Glenn, Flippin,
            Feldmann & Darby, on brief), for appellee.


        Flavia Diaz de Tanger (wife) appeals the trial court's

decision to deny her request for resumption of spousal support.

Wife asserts that the trial court erred in ruling that there had

been no material change in circumstances since the trial court's

last spousal support determination.  Because we agree with wife,

we reverse the trial court's decision and remand the case for

further action consistent with this opinion.

        The record reveals that wife and William Henry Tanger, III

(husband) divorced in 1981.  On July 18, 1990, after a series of

spousal support orders, the Circuit Court for the City of Roanoke

ordered husband to pay wife five hundred dollars per month in

spousal support beginning in July 1990.  On March 14, 1992, the

---

        *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

trial court determined that wife could have and should have been employed. The trial court therefore terminated spousal support after deciding to impute income to wife in the amount necessary to sustain her reasonable living expenses, which were approximately $2,800 per month. Implicit in this ruling is the trial judge's finding that in 1992 positions were available to allow wife to earn sufficient income to meet her needs.

Wife filed a petition to reinstate the case on the trial court's docket on January 31, 1994. On January 10, 1995, the trial court conducted an ore tenus hearing on the matter of whether a material change in circumstances warranted an award of $2,000 per month spousal support in wife's favor. Wife, who was age forty-eight at the time of the hearing, presented evidence that since the trial court's 1992 order, she had filed for bankruptcy and received a discharge of most of her debts, totalling approximately $20,000.00. Wife testified that the lender of her student loan in the amount of $6,032.63 had demanded immediate payment. Wife testified that she had been forced to reside with her daughter since August 1994 because she could not afford to live by herself. Wife's monthly expenses in 1991 totalled $2,802.00, while in 1995, her monthly expenses totalled $2,855.00.

Testimony also revealed that wife had not located full-time employment in Roanoke, Northern Virginia, or other locations. Despite possessing a bachelor's degree in art history and Spanish

literature, the only employment wife had secured since 1992 were jobs involving part-time menial labor or part-time Spanish to English translation in federal courts. A professional vocational consultant testified that wife possessed a "very good" potential to locate entry level employment in Roanoke, paying an average of five to seven dollars per hour.

Evidence showed that husband owned an advertising agency and real estate. Husband's gross income for years 1992 through 1994 was $55,627.00, $97,439.00, and $70,000.00 respectively.

After hearing this evidence, the trial court ruled that no material change in circumstances existed and denied wife's request. Wife now appeals to this Court.

As the record reveals, wife filed a motion to increase spousal support pursuant to Code § 20-109, which states that "[u]pon petition of either party the court may increase, decrease or terminate spousal support and maintenance that may thereafter accrue, whether previously or hereafter awarded, as the circumstances may make proper." Because she was the moving party, wife was "required to prove both a material change in circumstances and that this change warrant[ed] a modification of support." Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989). "'Changed circumstances' must bear upon the financial needs of the dependent spouse or the ability of the supporting spouse to pay." Hollowell v. Hollowell, 6 Va. App. 417, 419, 369 S.E.2d 451, 452 (1988).

In considering a change in circumstances, Code § 20-107.1 directs the trial court to consider, among other issues, the "earning capacity" of each party. The party seeking spousal support must earn as much as he or she reasonably can to reduce the amount of the support needed. Konefal v. Konefal, 18 Va. App. 612, 614, 446 S.E.2d 153, 154 (1994). "Under appropriate circumstances, a court may impute income to a party seeking spousal support," id., which is what the trial court did in 1992 and again after hearing the evidence in support of wife's 1994 petition.

On appeal, "we will not disturb the trial court's decision where it is based on an ore tenus hearing, unless it is plainly wrong or without evidence in the record to support it." Furr v. Furr, 13 Va. App. 479, 481, 413 S.E.2d 72, 73 (1992). We view the evidence and all reasonable inferences therefrom in the light most favorable to the prevailing party below. Alphin v. Alphin, 15 Va. App. 395, 399, 424 S.E.2d 572, 574 (1993). Even viewing the evidence in the light most favorable to husband, we hold that the trial court erred in finding that wife did not present sufficient evidence to prove a material change in circumstances.

Wife proved that a material change in circumstances occurred subsequent to 1992, the most recent judicial review of the award. See Schoenwetter. In 1992, the trial court found that wife was voluntarily underemployed, terminated her spousal support, and imputed income to wife. In this case, evidence revealed that

-4-

wife was <u>not</u> voluntarily underemployed.  Wife presented credible evidence with accompanying documentation to support her contention that she had performed a wide-ranging employment search, encompassing a variety of positions in different geographical locations.  Because wife lacked an ability to earn income from a full-time position, sufficient to meet her expenses, she underwent a material change in circumstances since 1992.

While full-time entry level jobs existed in the Roanoke area, these jobs paid an average of five to seven dollars per hour.  If wife accepted full-time employment at this salary, she still would have been unable to meet her alleged monthly expenses, which had not materially changed between 1992 and 1995, without spousal support from husband.  Part-time employment as a translator did not provide wife sufficient funds to meet her monthly expenses.  Finally, husband's increase in annual income constituted a material change in circumstances, in light of wife's inability to find suitable employment to support herself, in that it affected his ability to pay spousal support.

Because the trial court's decision was plainly wrong, we reverse its decision and remand with instructions to consider whether the parties' material change in circumstances warrants a modification of support.

<u>Reversed and remanded.</u>