COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Frank and Senior Judge Hodges
Argued at Richmond, Virginia


JOHN E. FITZGERALD

                                    MEMORANDUM OPINION* BY
v.    Record No. 2625-98-2          JUDGE WILLIAM H. HODGES
                                         OCTOBER 26, 1999
VICKI L. FITZGERALD


           FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                      Randall G. Johnson, Judge

           James C. Roberts (Dawn B. DeBoer; Mays &
           Valentine, L.L.P., on brief), for
           appellant.

           No brief or argument for appellee.


        John E. Fitzgerald (husband) appeals the decision of the

circuit court denying his petition to terminate or reduce the

monthly spousal support he pays to Vicki L. Fitzgerald (wife). On

appeal, husband contends that, under the circumstances of this

case, the trial court erred in not reducing his obligation to pay

spousal support.  We find that the trial court failed to properly

consider the parties' current circumstances when considering

husband's motion.  Therefore, we vacate the trial court's decision

as to spousal support and remand this case to the trial court for

reconsideration of the parties' current circumstances.

_____

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

As the party seeking a modification of spousal support pursuant to Code § 20-109, husband bore the burden "to prove both a material change in circumstances and that this change warrants a modification of support." Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989). The court "must look to current circumstances and what the circumstances will be 'within the immediate or reasonably foreseeable future.'" Srinivasan v. Srinivasan, 10 Va. App. 728, 735, 396 S.E.2d 675, 679 (1990) (citation omitted).

Husband alleged that there had been a material change in his circumstances and that wife was capable of returning to the work force as a substitute teacher. At the time of the hearing, wife was fifty-six years old and in good health. She worked as a teacher for approximately sixteen years, but had not taught, or worked outside the home, since 1977. Husband admitted that he earned $438,210 in 1997, but alleged that he was forced to borrow money to meet his obligations.

The trial court found that husband failed to prove a material change in circumstances warranting a reduction in spousal support. The court rejected husband's assertions that wife was able to work, noting that wife

> is now five years older than she was when
> she and [husband] were divorced, four years
> older than she was when permanent support
> was first ordered, and two years older than
> she was when the parties were last in court.

-

> If it was not appropriate for the court to expect her to reenter the workforce at any of those times, it is not appropriate for the court to expect her to reenter the workforce now.

We find that the trial court erred by failing to properly consider the parties' current circumstances. An award of spousal support "must be based upon the circumstances in existence at the time of the award." Payne v. Payne, 5 Va. App. 359, 363, 363 S.E.2d 428, 430 (1987). The trial court relied upon its earlier determination concerning wife's ability to reenter the workforce, and presumed that the passage of time had not affected those circumstances. This was error. A trial court may not merely carry forward its previous factual determinations. The trial court was required to consider whether, under current circumstances, it was appropriate to impute income to wife or whether husband had otherwise proven that presently he was entitled to a reduction or elimination of his spousal support obligation. "The trial court must consider the earning capacity of the parties in setting the amount of spousal support." Konefal v. Konefal, 18 Va. App. 612, 614, 446 S.E.2d 153, 154 (1994); see Code § 20-107.1.

In the prior hearing, husband attempted to show that wife's expenses were extravagant and indicative of poor financial management. The trial court found that evidence unpersuasive. The court noted that the financial wisdom of husband's own

-

expenditures could be questioned.  Wife was entitled, if husband's resources allowed, to maintain the standard of living established during their marriage of nearly twenty years. "Spouses deemed entitled to support have the right to be maintained in the manner to which they were accustomed during the marriage, but their needs must be balanced against the other spouse's financial ability to pay."  Floyd v. Floyd, 1 Va. App. 42, 45, 333 S.E.2d 364, 366 (1985); see also Furr v. Furr, 13 Va. App. 479, 483-84, 413 S.E.2d 72, 75 (1992).  The court rejected husband's testimony that he would earn less in the future than he had in the past, noting that, based upon husband's testimony in the previous hearings as to his projected earnings, "[husband] is not very good at estimating his future income."  The court also noted that husband's current resources allowed him to pay $1,458 each month so that his new wife and her children can attend his country club and he can attend theirs.

On remand, the trial court must consider the current circumstances of both parties, including whether it is currently appropriate to impute income to wife.  It remains a matter left to the discretion of the trial court, once it has considered the current circumstances, whether those circumstances warrant a reduction or elimination of spousal support.

Accordingly, we vacate the decision of the circuit court regarding spousal support and remand this matter to that court for further proceedings consistent with this opinion.

<u>Vacated</u>
<u>and remanded.</u>