COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bumgardner and Lemons


GARY DEAN ROBINSON

                                    MEMORANDUM OPINION[*]
v.    Record No. 1693-99-3              PER CURIAM
                                     FEBRUARY 29, 2000
JOY POK PARK ROBINSON


              FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
                    Robert P. Doherty, Jr., Judge

              (Alton B. Prillaman; Jolly, Place, Fralin &
              Prillaman, P.C., on brief), for appellant.

              (Sam Garrison, on brief), for appellee.


     Gary Dean Robinson (husband) appeals the decision of the

circuit court equitably distributing the parties' marital estate.

On appeal, husband contends that the trial court erred by (1)

allowing an equitable distribution hearing on March 4, 1997

without counsel of record being present; (2) entering an order on

July 20, 1999, based upon the March 1997 hearing, despite the fact

that the post-nuptial agreement reached with Joy Pok Park Robinson

(wife) had not been reduced to writing following the March 1997

hearing; and (3) valuing the marital home based upon evidence

produced at the 1997 evidentiary hearing.  Upon reviewing the

record and briefs of the parties, we conclude that this appeal is

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

without merit.  Accordingly, we summarily affirm the decision of the trial court.  <u>See</u> Rule 5A:27.

On appeal, we view the evidence in the light most favorable to the party prevailing below.  We will not reverse the decision of the trial court based upon evidence heard <u>ore</u> <u>tenus</u> unless it is clearly erroneous or unsupported by the evidence.  <u>See</u> <u>Hurt v. Hurt</u>, 16 Va. App. 792, 798, 433 S.E.2d 493, 497 (1993).

## Issue I

Appellant contends that the trial court erred in allowing the equitable distribution hearing to go forward on March 4, 1997, because appellant's counsel of record was not present. The transcript of the hearing demonstrates that appellant raised no objection to the hearing at the time and expressed unequivocally that the agreement read into the record was the agreement reached with wife.  "No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."  Rule 5A:18. Appellant has not presented evidence warranting an exception to Rule 5A:18.  Therefore, we do not consider this contention.

## Issues II and III

Husband contends that the trial court erred in entering its order dated July 20, 1999, because the terms of the parties' agreement set out during the March 4, 1997 hearing had not

-

previously been reduced to writing and submitted.  As a result, husband argues that the order entered on July 20, 1999 violated the requirement of Rule 1:13.  Husband concedes that he was provided with notice of the hearing and a draft of the proposed decree.  He contends, however, that nine days notice was not reasonable after the delay of more than two years.

Husband also contends that the trial court erred in determining the value of the marital home based upon the evidence presented in the 1997 equitable distribution hearing.

The record contains no indication that the husband preserved these issues for appeal.  Husband's counsel endorsed the decree as "Seen and objected to for reasons stated in the record."  No listing of objections was attached to the decree. While the transcript of the June 23, 1999 hearing indicates that the trial court and husband's counsel discussed options for preserving any objections, no objections were stated at that time.  Furthermore, the issues that husband raises on appeal were not preserved in the record at the places designated by appendix references in husband's brief.  See Rule 5A:20(c). Therefore, we find that husband failed to preserve these issues for appeal.  See Rule 5A:18; Konefal v. Konefal, 18 Va. App. 612, 615, 446 S.E.2d 153, 154-55 (1994); see generally Lee v. Lee, 12 Va. App. 512, 404 S.E.2d 736 (1991) (en banc).

-

Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed.</u>