COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Coleman and Willis


SAMUEL BUNYAN DAVIS, JR.

MEMORANDUM OPINION*

v.    Record No. 0271-00-1                         PER CURIAM
                                          SEPTEMBER 5, 2000

LOUISE BARCLAY DAVIS,
 NOW THE ESTATE OF GLADYS LOUISE BARCLAY,
 SUCCESSOR IN INTEREST


          FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                  James C. Godwin, Judge Designate

          (Samuel Bunyan Davis, Jr., pro se, on
          briefs).

          (Kenneth B. Murov; Matthew W. Smith; Jones,
          Blechman, Woltz & Kelly, P.C., on brief), for
          appellee.


     Samuel Bunyan Davis, Jr., appeals the decision of the circuit

court distributing to the Estate of Gladys Louise Barclay certain

funds previously classified as a marital asset in the divorce

proceeding.  Davis contends that the trial court erred by

reopening this case more than twenty-one days after entry of the

final decree to take additional evidence and by taking additional

evidence in the absence of fraud at a hearing purportedly held in

September 1998.  Davis also questions whether this Court may

review this case, which he petitioned the United States Supreme

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

Court to review.  Finally, Davis seeks a remand for a hearing into his allegations of fraud by counsel.  Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

## Background

The evidence relating to equitable distribution was initially heard by a commissioner in chancery in this divorce proceeding between Davis and his now deceased former wife, Gladys Louise Barclay Davis.  In his report, the commissioner found the following:

> Virginia Real Estate Trust.  This is a joint marital asset.  It is recommended that [Davis] be ordered to file an accounting of the monies received by the Virginia Real Estate Trust from date of separation until the present.  As to any equitable distribution, there is no present valuation available, and accordingly, it is recommended that the Court make no disposition of same between the parties until receipt of an accounting.

The trial court overruled Davis' objections to the commissioner's report and "approved, ratified and confirmed in all respects" the report in its final decree of divorce entered April 10, 1997. Davis appealed the final decree.  See Davis v. Davis, No. 1125-97-1 (Va. Ct. App. Nov. 18, 1997).  A panel of this Court found no merit in Davis' challenges to the sufficiency of the service of process upon him or the trial court's equitable distribution award.  This Court awarded attorney's fees to Davis'

-

former wife and remanded the case for a determination of a reasonable fee.

After the death of Davis' former wife, the matter was reinstated before the trial court by the estate in October 1998. Davis was personally served with notice of the hearing held October 5, 1998, but did not appear. By order entered November 9, 1998, the trial court ordered Davis to pay $670 in attorney's fees pursuant to the previous order of this Court and granted other relief. The trial court noted in its November 9, 1998 order that "[t]his cause shall remain on the docket for such action as this cause may require."

At a hearing on December 3, 1999, which Davis attended, the estate presented evidence that the value of Davis' claim to the Virginia Real Estate Trust was $96,959.17. The estate argued that the trial court had continuing authority to distribute the fund, which was previously found to be a marital asset. The trial court agreed and, by order entered January 6, 2000, divided the asset equally between the parties, with attorney's fees and costs payable from the estate's portion. Davis appeals from that order.

## Reopening Final Order

Davis contends, for various reasons, that the trial court erred when it allowed the estate to reopen the case and move for the distribution of the assets held under the name of the Virginia Real Estate Trust. The record contains no indication that Davis preserved any objection to the order from which he appeals. He

-

did not list any objections on the January 6, 2000 order, file a separate document with the court, or present any motion for reconsideration. In the absence of any indication that Davis noted his objections, we hold that he failed to preserve this issue for appeal. See Rule 5A:18; Konefal v. Konefal, 18 Va. App. 612, 615, 446 S.E.2d 153, 154-55 (1994); see generally Lee v. Lee, 12 Va. App. 512, 404 S.E.2d 736 (1991) (en banc).

## 1998 Proceeding

Davis also appeals an order entered by the trial court on November 9, 1998, following the October 5, 1998 evidentiary hearing. Davis failed to preserve any objections to this order before the trial court, and, therefore, we do not consider this issue. See Rule 5A:18.

## Supreme Court Review

Davis contends that the United States Supreme Court "has acknowledged receipt" of his petition seeking its review. We note, however, that issues of the trial court's underlying jurisdiction were raised and resolved in the prior appeal. We find no merit in Davis' current challenges to the jurisdiction of the trial court or the appellate jurisdiction of this Court. See generally Code § 17.1-405.

## Request for Remand

Davis asks this Court to remand this matter so that the trial court may hear his allegations of fraud by the estate's counsel. Davis did not seek this remedy before the trial court during the

-

most recent hearing.  Moreover, when he raised similar issues at the time of his earlier appeal, this Court found them to be without merit.  Therefore, we find neither procedural nor substantive basis to grant this requested relief.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.