COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, Agee and Senior Judge Coleman


BRENDA LEE SCOTT JACKSON

                                    MEMORANDUM OPINION*
v.    Record No. 0995-01-2            PER CURIAM
                                     NOVEMBER 6, 2001
JAMES ELIAS JACKSON


            FROM THE CIRCUIT COURT OF LOUISA COUNTY
          Herbert A. Pickford, III, Judge Pro Tempore

          (Darryl A. Parker, on brief), for appellant.

          No brief for appellee.


     Brenda Jackson (wife) contends the trial court erred in:  (1) denying her sole custody of the parties' minor children; and (2) awarding her $600 per month spousal support for eighteen months. Upon reviewing the record and wife's brief, we summarily affirm the trial court.  See Rule 5A:27.

     The parties married on November 18, 1994.  Two children were born of the marriage.  The parties separated on May 9, 1999.

     On January 31, 2001, the trial court conducted an evidentiary hearing to determine issues of equitable distribution, support and custody.  The trial court awarded wife spousal support of $600 per month "for a period of eighteen

---

     * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

months in order to help her achieve employment or self-employment."  As to child custody, the trial court awarded husband legal and physical custody of the children.

On February 6, 2001, the trial court issued a letter opinion setting forth its findings and holdings and the bases upon which those determinations were made.  It directed husband's attorney to "draft a decree consistent with the opinions hereon expressed, and submit the same to Mr. Parker for his endorsement."

On March 15, 2001, the trial court entered the final decree of divorce.  Wife's attorney endorsed the decree, "Seen and Objected To."  Wife filed no transcripts or statement of facts. On March 27, 2001 the wife filed a motion to rehear, which was limited to her assertion that she had new evidence regarding husband's alleged homosexual activity.  Wife's motion to rehear also "request[ed] possession of the marital home, because it would serve the best interest of the children."  No hearing was conducted on the motion.  On April 18, 2001, more than twenty-one days after entry of the March 15, 2001 final decree, the trial court entered the following order:

> This cause came to be heard on the fourth day of April, 2001, upon the Defendant's Motion to Reopen and the argument of counsel.
> WHEREFORE, on the basis of the cited authorities, the Defendant's motion to Reopen is hereby DENIED.

-

The record on appeal contains no transcript of the April 4, 2001 hearing or a memorandum demonstrating what arguments wife made and upon what legal authority she relied.

On appeal, wife contends the trial court erroneously "based its decision on custody" upon "mere speculation" that husband "would take steps to regain the [marital] home." She also argues that spousal support was inadequate and that "the court is authorized to order appropriate periodic spousal support to extend for the lifetime of the parties."

"[E]ndorsing a decree 'seen and objected to' does not preserve an issue for appeal unless the record further reveals that the issue was properly raised for consideration by the trial court." Konefal v. Konefal, 18 Va. App. 612, 615, 446 S.E.2d 153, 155 (1994); see also Lee v. Lee, 12 Va. App. 512, 514-17, 404 S.E.2d 736, 738-39 (1991) (en banc). Thus, while wife did object to the entry of the final order, she did not object to any specific ruling or state her "grounds therefor," as required by the rule. In addition, wife did not specify in her motion for rehearing the objections she now makes on appeal.

"No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18. Absent any specific objections to the trial court's ruling, wife failed to preserve any issues for

-

appeal.  See Neal v. Commonwealth, 15 Va. App. 416, 422-23, 425 S.E.2d 521, 525 (1992) (trial court must be alerted to precise issue to which a party objects).  Moreover, because the trial court stated that it considered the factors in Code § 20-107.1 in determining spousal support and the factors in Code § 20-124.3 when determining custody, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.  Accordingly, the decision of the trial court is summarily affirmed.

Affirmed.