COURT OF APPEALS OF VIRGINIA


Present:  Judges Bumgardner, Kelsey and Senior Judge Hodges


LLOYD H. BROWN, SR.

v.      Record No. 0580-03-2

ROSALIND H. BROWN

MEMORANDUM OPINION[*]
PER CURIAM
OCTOBER 21, 2003


FROM THE CIRCUIT COURT OF HENRICO COUNTY
Catherine C. Hammond, Judge

(Reginald M. Barley, on briefs), for appellant.

(Barbara S. Picard; Cawthorn, Picard & Rowe, P.C., on brief),
for appellee.


Lloyd H. Brown, Sr. (husband) raises four issues on appeal.[1]  He contends the trial court erred:  (1) in finding that wife "was entitled to a divorce on the ground of cruelty and desertion and abandonment"; (2) in refusing to grant husband a divorce on the ground of willful desertion by wife; (3) in equitably distributing the parties' property; and (4) in refusing to grant husband spousal support and attorney's fees.  Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

BACKGROUND

On appeal, "we view the evidence and all reasonable inferences in the light most favorable to the prevailing party below . . . ."  Lutes v. Alexander, 14 Va. App. 1075, 1077, 421

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The opening brief contains ten questions presented.  However, the questions presented can be condensed to the four issues cited here.

S.E.2d 857, 859 (1992). So viewed, the evidence proved that the parties were married on September 24, 1971. They separated on or about November 8, 1998. Four children were born of the marriage, two of whom were emancipated at the time of separation, the other two were sixteen and seventeen at that time. On May 11, 2000, wife filed a bill of complaint requesting, *inter alia*, that she be granted a divorce on the basis of husband's cruelty, desertion and abandonment. In the bill, wife alleged that husband hit her on November 8, 1998, the date of separation, and "verbally abused her" on November 8th "and other times" using profane language "in the presence of the then minor children."

On August 17, 2000, husband filed an answer and cross-bill. He denied assaulting wife and noted "that both parties verbally abused the other." In his cross-bill, husband asked, *inter alia*, that he be granted a divorce on the ground of wife's "willful desertion or abandonment."

By order dated November 3, 2000, the trial court granted husband's attorney's motion to withdraw and noted that Mr. Barley would be husband's new counsel. On February 12, 2001, the trial court granted husband's motion to amend his cross-bill and seek, *inter alia*, temporary and permanent spousal support and attorney's fees.

By order dated March 15, 2001, the trial court denied husband's request for temporary spousal support, ordered wife to maintain health insurance coverage for husband and "decreed that the court shall hear the issues of equitable distribution on September 24, 2001."

By order dated July 16, 2001, the trial court found wife guilty of contempt of court for making "material, false and fraudulent representation[s] regarding marital debt."

On September 13, 2001, the trial court entered an order, awarding husband *pendente lite* spousal support.

On December 10, 2001, the trial court terminated husband's temporary spousal support and ordered husband to make past due mortgage payments on, or move out of, the marital residence.

On March 28, 2002, husband filed a memorandum containing proposed findings of fact and conclusions of law. Wife filed a similar memorandum on April 2, 2002.

By opinion letter dated June 5, 2002, the trial court ruled that "[a] divorce will be decreed pursuant to Va. Code § 20-91A(9)."[2] The trial court further found that husband's "cross-bill claim of desertion or abandonment was not supported by the evidence." The trial court also identified and valued the parties' marital assets and debts and explained the manner in which it planned to distribute them. It declined to award husband spousal support "at this time." The trial court directed wife's attorney to "prepare the order, preserving both parties' objections and making reference to this letter."

On February 10, 2003, the trial court entered a final decree granting wife a divorce "on the grounds of cruelty, and constructive desertion and abandonment, as determined by the Court's June 5, 2002 opinion letter." The decree noted that the trial court "heard evidence on November 12, 2002 on motions to reconsider." Finally, the trial court distributed property and apportioned debts. It refused to award husband spousal support "at this time."

ISSUES PRESERVED

Rule 5A:20 requires a party's opening brief to contain, *inter alia*, "a statement of the question presented *with a clear and exact reference to the page(s) of the transcript, written*

---

[2] Code § 20-91(A)(9)(a) provides that a divorce may be granted "[o]n the application of either party if and when the husband and wife have lived separate and apart without any cohabitation and without interruption for one year."

*statement, record, or appendix where each question was preserved in the trial court*." (Emphasis added.)

"No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18. "The main purpose of requiring timely specific objections is to afford the trial court an opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals." Ohree v. Commonwealth, 26 Va. App. 299, 307, 494 S.E.2d 484, 488 (1998). When such specific objections have not been made, this Court will not consider an argument on appeal which was not presented to the trial court. Id. at 308, 494 S.E.2d at 488.

In his brief, husband indicated that he preserved the issues on appeal on pages 68 and 69 of the appendix. Those pages constitute the final two pages of the final decree. The last statement on Appendix page 68 reads as follows: "[I]t is ADJUDGED, ORDERED and DECREED that the objections of either party shall be preserved . . . ." On appendix page 69, the final page of the decree, husband's attorney signed the decree "Seen and Objected To except paragraph 14." Paragraph 14 listed the parties' current monthly incomes.

The only transcripts cited in the appendix involved deposition testimony taken at husband's attorney's office. The record contains no transcripts of court proceedings to show whether husband raised the issues before the trial court.

ISSUE I:  GROUNDS OF DIVORCE

In his brief, husband notes the discrepancy between the trial court's letter indicating a no-fault divorce and the final decree which awarded wife a divorce on the grounds of cruelty, desertion and abandonment. He also points out several alleged deficiencies in the evidence and argues that "a single act of physical cruelty will not constitute grounds for divorce."

The record fails to show that husband ever objected to the trial court's decision in the final decree to award wife a divorce on a fault ground after earlier indicating in the June 5, 2002 letter that the divorce would be based on Code § 20-91(A)(9). Consequently, we are barred from considering those arguments for the first time on appeal. Moreover, the final order indicated that "the [trial] court heard evidence on November 12, 2002 on motions to reconsider and a rule to show cause." A transcript from that hearing was not made a part of the record, therefore we cannot determine what arguments and rulings were made at that hearing. It is possible the trial court reconsidered its earlier reference to Code § 20-91(A)(9) or corrected a possible typographical error in its initial opinion letter. A trial court speaks only through its written orders, see Cunningham v. Smith, 205 Va. 205, 208, 135 S.E.2d 770, 773 (1964), and evidence in the record supports the trial court's finding of cruelty. Moreover, husband does not argue an exception should be made to attain the ends of justice or for good cause shown, as required by Rules 5A:18 and 5A:20(e), nor does the record reflect any reason to invoke the good cause or ends of justice exceptions to the Rules.

ISSUE II: EQUITABLE DISTRIBUTION

In his brief, husband contends the "question on appeal in this case is whether the trial court's order to sell all of the real estate and divide the assets comported with the evidence." He further claims the trial court credited wife with an amount of payments not supported by the evidence, and he claims the trial court failed to properly credit him with "post-separation payments."

The appendix pages referenced in husband's brief do not refer to arguments or objections made to the trial court regarding this issue. See Rule 5A:20(c). Therefore, the record fails to show that husband preserved this issue for appeal. See Rule 5A:18; Konefal v. Konefal, 18 Va. App. 612, 615, 446 S.E.2d 153, 154-55 (1994). Moreover, because credible evidence supports

the manner in which the trial court distributed the parties' marital property, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

### ISSUE III:  SPOUSAL SUPPORT

Husband claims "there is no factual basis in the record of this case for the trial court to postpone or deny [him] an award of spousal support."

This issue was not preserved in the record at the places designated by appendix references in husband's brief.  See Rule 5A:20(c).  Therefore, we find that husband failed to preserve this issue for appeal.  See Rule 5A:18; Konefal, 18 Va. App. at 615, 446 S.E.2d at 154-55.  Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

### ISSUE IV:  ATTORNEY'S FEES

Husband contends in his brief that he "does not have the financial means to pay for counsel" and that wife does, therefore, "the trial court abused its discretion by refusing to order [wife] to pay [his] attorney's fees."

Although husband requested attorney's fees in his March 28, 2002 memorandum filed with the trial court, neither the June 5, 2002 opinion letter nor the final decree contains a ruling by the trial court on attorney's fees.

If a party fails to obtain a ruling, there is no ruling for us to review.  Fisher v. Commonwealth, 16 Va. App. 447, 454, 431 S.E.2d 886, 890 (1993).  Therefore, Rule 5A:18 bars our consideration of this question on appeal.  Moreover, because the trial court had extensive evidence relating to the parties' financial condition, the record reflects no reason to invoke the exceptions to the rule.

Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

Affirmed.