COURT OF APPEALS OF VIRGINIA

Present:   Judges Benton, Elder and Beales
Argued at Alexandria, Virginia


JON THOMAS DEGA

                                                  MEMORANDUM OPINION[*] BY
v.        Record No. 2512-06-4                    JUDGE JAMES W. BENTON, JR.
                                                      AUGUST 14, 2007
DEBRA ANN VITUS


                FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                        Arthur B. Vieregg, Judge

        Valerie E. Hughes (Lawrence H. Bowen; The Bowen Law Firm, on
        briefs), for appellant.

        Debra A. Goldenberg (Goldenberg & Phillips, P.C., on brief), for
        appellee.


        This appeal arises from a final decree of divorce.  Jon Thomas Dega contends the trial judge

abused his discretion by (1) ordering spousal support to Debra Ann Vitus, his wife, retroactive to the

date of the filing of the bill of complaint, (2) determining the husband's income primarily upon the

testimony of the wife, (3) imputing to the husband $40,000 in rental income without considering the

expenses of maintaining the property, and (4) deviating from "the spousal and child support

guidelines" without providing a basis for the deviation.  We affirm the decree, in part, reverse, in

part, and remand for reconsideration.

                                          I.

        The husband contends the trial judge abused his discretion in awarding spousal support

retroactive to the date wife filed her bill of complaint.  He argues "[t]he Wife made no request

. . . for spousal support until the trial, over twelve months from the date of the filing of the Bill of

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Complaint." He further argues it is "inequitable to allow the Wife to sit on her rights for twelve months, with a huge amount of cash in the bank, and then collect arrearages for those months."

Code § 20-107.1(A) provides that, upon entry of a decree for a divorce, "the court may make such further decree as it shall deem expedient concerning the maintenance and support of the spouses." This statutory grant of authority means that "[d]ecisions regarding 'spousal . . . support rest within the sound discretion of the trial court and will not be reversed on appeal unless plainly wrong or unsupported by the evidence.'" Konefal v. Konefal, 18 Va. App. 612, 614, 446 S.E.2d 153, 154 (1994) (citation omitted). Moreover, the Supreme Court and this Court have repeatedly held "that the time permanent [spousal support] shall commence is within the sound discretion of the court and *may* be made effective as of the date of the commencement of the suit." Lawrence v. Lawrence, 212 Va. 44, 47, 181 S.E.2d 640, 642 (1971); see also Young v. Young, 215 Va. 125, 126, 107 S.E.2d 825, 825 (1974) (per curiam); Konefal, 18 Va. App. at 614, 446 S.E.2d at 154; Weizenbaum v. Weizenbaum, 12 Va. App. 899, 904, 407 S.E.2d 37, 40 (1991).

The wife filed her bill of complaint June 24, 2005. In paragraph C, she requested "support and maintenance of the parties' minor children and herself, both *pendente lite* and permanently." By raising the issue in her initial pleadings, the wife gave notice of her intention to seek support. See Boyd v. Boyd, 2 Va. App. 16, 19, 340 S.E.2d 578, 580 (1986) (holding that the power to award support "remains dependent upon the pleadings having raised the issue"). Further, following a hearing for *pendente lite* relief, the trial judge entered an order that "reserved" the issue of spousal support and ruled a final award would be "retroactive to at least 12/9/05." In view of this evidence, the husband's argument that the wife "sat on her rights" has no merit.

The evidence supports the trial judge's award of spousal support retroactive to the date of the initial filing. After the separation, the husband paid no support for the wife or children until ordered by the December 2005 *pendente lite* award to pay child support. The wife's and children's standard of living deteriorated dramatically following the separation. During the separation, the wife used funds from the property settlement to pay living expenses and other debts incurred by the parties during the marriage. The husband continued to enjoy a comfortable lifestyle. In view of this evidence, the trial judge did not abuse his discretion in awarding the wife spousal support retroactive to the date of the filing of the bill of complaint.

II.

The husband contends the trial judge abused his discretion "in concluding that [the husband's] earnings and earning capacity was $140,000 based primarily on the testimony of [the wife]." He argues the judge accepted the wife's testimony despite providing "no documentation whatsoever to support her testimony."

At the hearing, the parties offered contradictory testimony regarding the husband's work activities and income. The husband is the sole proprietor of a business that services, repairs, and makes performance modifications on Ford vehicles. The husband testified his income was "approximately $50,000 annually." As proof of his income, husband offered an income and expense sheet reflecting a monthly gross income of $4,166 and a net income of $2,341.

For a while during the marriage, the wife worked part-time for the husband, helping "with the paperwork" and "doing payroll." According to the wife's testimony, the husband conducted various "trade" transactions as part of his business, "so that no money took place, or money was filtered out of the business as cash." She explained that these "trades" resulted in various benefits, including "$10,000 to $15,000 of work on [the marital home] every year." She testified the husband derived additional income from plowing snow "for $50 to $75 a shot," from

"getting free parts from dealers for advertising and putting them on his own car or selling them," from work he does at his business "on the side," and from a vending machine located in the business. The wife testified that the husband earned between $100,000 and $120,000 annually, that he "brags about making $5,000 a day in profit," and that he has acknowledged earning $100,000 a year.

In his opinion letter, the trial judge noted that neither party presented corroborating documents to support their income testimony. However, he disbelieved much of the husband's testimony and credited much of the wife's testimony. He found:

> [The husband] testified he earns $34,000 per year from his business but stipulated that for purposes of this litigation it might be deemed to be $50,000. This stipulated amount is not accepted by court. He acknowledged that he has received additional income from snow plowing during the winter months. His attempts to limit that income was uncorroborated by documentary evidence he might have produced. He [has] confirmed his wife's testimony that he engaged in off-the books bartering. He testified these transactions were limited but again did not provide any documentary evidence with respect to them. He earns $4,000 per week from the [beach house]. Perhaps most importantly are the facts that he is presently paying $2,500 per month ($30,000 per year, almost equal to his supposed income) to rent his present Stafford residence; and is considering the exercise of his option to buy the home for $625,000.

The trial judge specifically found that "the extent of [the husband's] income is in question," and he believed the wife's general descriptions of ways in which the husband earned additional monies. Thus, the trial judge found as follows:

> [The wife] further testified that her husband would routinely take cash out of the business and engage in non-cash transactions to gain additional income. However, insufficient evidence was presented to quantify income received in this manner. She further testified that [the husband] had represented to her that he was receiving income from the business ranging from $100,000 to $150,000 per year. While [she] was unable to prove his precise earnings from the business, the foregoing circumstances are sufficient to corroborate that he makes at least $100,000 from the business. Further, when all the evidence related to his earnings are

- 4 -

> taken into account, as well as his present rent payments for his home in Stafford, I conclude his earnings and earning capacity are not less than $140,000 per year or $11,667/month.

We reject the husband's characterization of the trial judge's findings as "imput[ing] to the husband an income." In Floyd v. Floyd, 17 Va. App. 222, 436 S.E.2d 457 (1993), we noted that, "[a]lthough the trial judge made reference to imputing income, the record clearly shows that this was not the sort of imputation, based on voluntary underemployment, to which the statute applies. What the trial judge did was make a finding of fact as to the amount of [husband's] gross income." Id. at 229, 436 S.E.2d at 461. In this case, the trial judge's opinion letter clearly established that he rejected the husband's testimony and drew reasonable inferences from the evidence to find the husband's total income from the various sources. Although the judge referred to the husband's "earnings and earning capacity," his analysis indicates that he considered the various sources of the husband's income and expenses and then drew reasonable inferences to determine the husband's annual earnings.

At the *ore tenus* hearing the trial judge commented, "It is plain to me that [husband's] testimony is evasive. But I can't tell where it begins and where it ends in terms of truthfulness." Finding the evidence in conflict, the trial judge found wife's testimony more credible and drew reasonable inferences from the evidence. When witnesses offer conflicting testimony, it is within the sound discretion of the trial judge to determine the weight to be given to the testimony, to choose to believe the testimony of one witness, and to disbelieve the testimony of another. Anderson v. Anderson, 29 Va. App. 673, 686, 514 S.E.2d 369, 376 (1999); Street v. Street, 25 Va. App. 380, 387, 488 S.E.2d 665, 668 (1997) (en banc).

Sufficient evidence supports the trial judge's finding that husband earned more than the $50,000 annual amount the husband acknowledged. The evidence established the type of lifestyle the parties enjoyed during the marriage, the sources of the husband's earnings from his

automotive business and other endeavors, and the "cash" nature of the many activities. Assessing this evidence and the husband's current standard of living, the judge found the circumstances corroborated wife's testimony that husband earned an income in excess of "$100,000 from the business" alone. The record shows no abuse of discretion.

III.

The husband contends the trial judge erred in ruling that "[b]ecause [the husband] presented no evidence as to expenses to operate the beach house, $4,000 per week for 10 weeks is deemed his income from the house without deduction for operational expenses." We agree and hold the trial judge erred in failing to consider the mortgage expense paid on the beach house when determining the husband's income.

The guidelines for determining child support provide, in part, that "[g]ross income shall be subject to deduction of reasonable business expenses for persons with income from self-employment, a partnership, or a closely held business." Code § 20-108.2(C). The trial judge found that the husband's testimony and his expense statement were insufficient to prove the monthly mortgage was $3,950. Consequently, he ruled, "[b]ecause [the husband] presented no evidence as to expenses to operate the beach house, $4,000 per week for 10 weeks is deemed his income from the house without deduction for operational expenses."

The evidence proved the husband received the beach house property as part of the parties' property settlement. The husband testified about the monthly mortgage expenses he incurred for the beach house, and he introduced at the hearing an exhibit of his income and expenses, which reflects a monthly mortgage payment of $3,950 toward the property. In the wife's response to husband's interrogatories, she admitted the rent proceeds from the property were used to pay the mortgage on the property. Moreover, she never contested the existence or amount of the mortgage. In short, the uncontradicted evidence in the record established the

property was encumbered by a mortgage and the husband paid monthly $3,950 for the mortgage. Thus, the trial judge erred in finding the rent proceeds were income to the husband without deduction for the mortgage expense.

IV.

Husband contends the trial judge abused his discretion "in departing dramatically from the spousal and child support guidelines." The wife asserts that the husband's challenges to the support orders are barred by Rule 5A:18 because the husband failed to timely raise the specific issues at trial.

We need not resolve this issue because our holding in Part III requires that we remand the child support and spousal support awards for further proceedings. See also Herring v. Herring, 33 Va. App. 281, 532 S.E.2d 923 (2000) (applying the ends of justice exception to Rule 5A:18 for a challenge to the support guidelines). On remand, the trial judge must recalculate child support under the guidelines.

V.

In summary, we hold the trial judge did not abuse his discretion in awarding spousal support retroactive to the date of the filing of the bill of complaint and in assessing the parties' testimony in determining the husband's income. We also hold, however, that the trial judge erred in failing to consider mortgage payments made on the property from the rental proceeds when assessing the husband's income from the beach house. Therefore, we remand the case for a recalculation of child support under the guidelines and reconsideration of spousal support.

Affirmed in part, reversed in part, and remanded.