COURT OF APPEALS OF VIRGINIA


Present:   Judges McClanahan, Petty and Beales
Argued at Salem, Virginia, and by teleconference


ROBERT HOWARD CARRINGTON
                                                  MEMORANDUM OPINION[*] BY
v.        Record No. 0667-07-3                    JUDGE RANDOLPH A. BEALES
                                                          MAY 20, 2008
MARY ELA DRAPER CARRINGTON


              FROM THE CIRCUIT COURT OF THE CITY OF MARTINSVILLE
                              G. Carter Greer, Judge

              Perry H. Harrold for appellant.

              Laura Bowles Quirk for appellee.


         Robert Howard Carrington (husband) appeals from a final decree of divorce entered by the

City of Martinsville Circuit Court on February 14, 2007.  He argues the trial court erred in 1.) failing

to award him a divorce from Mary Ela Draper Carrington (wife) on desertion or abandonment

grounds; 2.) finding husband's testimony was "exaggerated and histrionic"; 3.) failing to find wife's

income and her insurance business were marital property; 4.) awarding to wife, as part of the

equitable distribution, several items of personal property, 50% of husband's IBM pension, and a

lump sum payment of $25,000; and 5.) failing to award husband spousal support.[1]  After reviewing

the record before us, we affirm the trial court's final decree.

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Husband listed eight separate questions presented.  We have consolidated several of
them for purposes of this appeal.

As the parties are familiar with the facts of this case, and this opinion has no value as precedent, we dispense with a discussion of the facts generally. The parts of the record necessary to explain this opinion are incorporated below.

## I. ABUSE OF DISCRETION

On appeal, we review issues involving the grounds for the divorce, the credibility of the witnesses, the division of the marital estate, and the award of spousal support for abuse of discretion by the trial court. See Thomasson v. Thomasson, 225 Va. 394, 399, 302 S.E.2d 63, 66 (1983) ("[T]the chancellor concluded that the equities weighed against an award of spousal support. We cannot say that this conclusion is unsupported by evidence or that the resultant ruling constitutes an abuse of discretion."); Shackelford v. Shackelford, 39 Va. App. 201, 208, 571 S.E.2d 917, 920 (2002) ("We defer to the trial court's evaluation of the credibility of the witnesses who testify *ore tenus*."); Konefal v. Konefal, 18 Va. App. 612, 613-14, 446 S.E.2d 153, 154 (1994) (finding that, where more than one ground for granting a divorce exists, the trial court has discretion to choose the ground for the divorce); Blank v. Blank, 10 Va. App. 1, 9, 389 S.E.2d 723, 727 (1990) (noting that, if it appears the trial court abused its discretion, then this Court will overturn an equitable distribution award).

## A. Grounds for the Divorce

Husband argues that he presented sufficient evidence to corroborate the granting of a divorce on the grounds of desertion or abandonment. Even assuming that he did, he does not argue that the trial court had insufficient evidence to support a finding that the parties had lived separate and apart for over a year. Therefore, even if appellant's argument is correct, the trial court had two legitimate grounds for granting this divorce. In choosing to grant the divorce on the no-fault ground, we cannot say that the trial court abused its discretion. See Konefal, 18 Va. App. at 613-14, 446 S.E.2d at 154.

B.  Credibility of Husband's Testimony

Husband "takes issue" with the trial court's characterization of his testimony, although he admits he was emotional during the hearing.  We find nothing in the written record of this case to prove that husband's testimony was so rational and so credible that the trial court abused its discretion in finding his testimony was "exaggerated and histrionic."  The trial court actually observed husband on the witness stand and, therefore, had a better opportunity to evaluate his testimony than this Court has when reviewing a "cold" record.  See Shackelford, 39 Va. App. at 208, 571 S.E.2d at 920.

C.  Classification of Marital Property

Husband argues that the trial court erred by failing to include wife's income and wife's business in the listing of marital property subject to equitable distribution.

First, a party's income, which is earned and acquired after the separation, clearly is not marital property, as it was not acquired during the marriage.  See Code § 20-107.3(A)(2)(iii).  The trial court correctly treated wife's income as her separate property.  However, the insurance business, which wife acquired during the marriage, clearly was marital property.  See id.

Although the trial court did not list the business itself as marital property, the court did include all of its assets in equitable distribution.  Both the building that housed the insurance business and its office equipment were listed as marital property and addressed in the equitable distribution award.  Husband argues, however, that the business had an additional intrinsic value that the trial court ignored – especially its goodwill.

Goodwill does not exist in every business, nor is goodwill easy to value without expert testimony.  See Howell v. Howell, 31 Va. App. 332, 339-41, 523 S.E.2d 514, 518 (2000) (discussing the existence and value of goodwill in a business).  Wife testified that the business had no intrinsic value.  Husband testified that he believed the business had some goodwill, but he

presented no independent evidence on the existence or value of that goodwill. The trial court, therefore, acted within its discretion in finding husband "failed to prove that the [wife's] insurance agency ha[d] any intrinsic value that is marketable, whether in the form of goodwill or otherwise."

Although the trial court did "not consider the [insurance] agency as a marital asset," all of the assets of the business were treated as marital property, including the building. Husband did not prove the insurance business had any goodwill nor did he provide the trial court with sufficient information to value such an asset. Therefore, while the trial court's classification of the business as a whole was technically incorrect, the court did properly classify everything of value that was related to the insurance business. The entire value of the insurance business was included in equitable distribution. See Code § 8.01-678. In short, as noted in the statement of facts, "Husband averred that Wife's business was valuable, but offered no testimony or other evidence regarding the value of the business." We, therefore, find the trial court did not abuse its discretion when it included the individual assets of the insurance business, to which it assigned value, as marital property rather than considering the business as a whole as marital property. Ranney v. Ranney, 45 Va. App. 17, 31-32, 608 S.E.2d 485, 492 (2005) ("Because the trial court's classification of property is a finding of fact, that classification will not be reversed on appeal unless it is plainly wrong or without evidence to support it.").

## D.  Equitable Distribution[2]

Husband argues that the trial court erred in awarding several items to wife, including a piano, because he either gave those things away after she left or cannot find those items.  He also argues that the trial court had no reason to award wife 50% of the IBM pension and a lump sum of $25,000.  We disagree.

Husband claims wife was required to take the items of personal property that she wanted from the house at the same time that she took other items.  We find no reason to accept such a position as a matter of law.  The trial court did not abuse its discretion in refusing to accept husband's argument.

In crafting the equitable distribution award, the trial court stated that it "considered all of the factors of Code § 20-107.3."  The court discussed the weight attributed to several of these factors in its opinion letter.  The trial court made determinations regarding the credibility of the evidence.  In dividing the marital estate, including the award to wife of half the pension and the $25,000, husband still received an overall award that was worth approximately $20,000 more than the total award to wife.

As it considered the appropriate factors, the court did not abuse its discretion in dividing the marital estate.  Id.

---

[2] Counsel for wife informed this Court four days before oral argument that husband had filed a bankruptcy petition after he had noted his appeal.  At oral argument, the parties were ordered to provide to this Court information regarding the bankruptcy filing, so that the Court could determine if a stay of the proceedings here was necessary.  As a result, this Court issued a stay on February 19, 2008.  Husband's bankruptcy petition has now been discharged.  As the issues that he raises on appeal make no allegations based on the bankruptcy, and those proceedings are not in the record before us, we address the equitable distribution issues without considering any effect that the bankruptcy might have had on the trial court's award.

E. Spousal Support

Husband argues that the trial court erred in failing to award spousal support to him. He contends that the evidence proved that he is 100% disabled and, therefore, that he is entitled to spousal support. We disagree.

Husband himself essentially admitted that he could work more than he does, but he does not because earning more would reduce his social security disability payments. Husband also admitted that he coaches the middle school basketball team and was looking for additional work. Given this testimony, the trial court reasonably questioned the extent of husband's disability and his ability to earn income.

Although husband claims that he needs support, need is not the only factor that a trial court considers when determining whether to award spousal support. See Code § 20-107.1(E). In this case, the trial court had several facts to consider. For example, husband generally had earned more than wife during the marriage – and at the time of the divorce. Husband also contributed to the dissolution of the marriage. His expense claims of $3,900 per month were not supported by evidence,[3] and his testimony regarding his disability was not credible. The appendix and the statement of facts contain no information about wife's monthly expenses, although her tax returns are part of the record. Based on this evidence, we cannot find that the trial court abused its discretion when it denied husband's request for support. See Thomasson, 225 Va. at 399, 302 S.E.2d at 66.

---

[3] The only specific expense listed by husband was "Rent" of $1,085 per month. This amount did not change from September 2003 through the trial date. However, in September 2003, husband lived in the marital home, so he did not have a rental expense. He later moved to another address after he rented the marital home to other people. He did not use that rental income from the marital home to pay the mortgage on the home, as he refused to pay the mortgage, which led to the bank foreclosing on the marital home. At the time of the trial, husband was living with his girlfriend.

## II. ATTORNEY'S FEES

Wife asks this Court to award her attorney's fees associated with this appeal. As we find husband's arguments without merit, see Gottlieb v. Gottlieb, 19 Va. App. 77, 95, 448 S.E.2d 666, 677 (1994), and as he failed to provide this Court with timely information that affected his appeal, we award to wife her attorney's fees on appeal and remand to the trial court for a determination of that amount.

## III. CONCLUSION

For the reasons stated above, we find husband's arguments are without merit. Therefore, we affirm the trial court's final decree of divorce and remand to the trial court for a determination of wife's attorney's fees associated with this appeal.

Affirmed and remanded.