COURT OF APPEALS OF VIRGINIA


Present:  Judges Humphreys, Powell and Senior Judge Clements


JONIE HALL SMITH

                                                    MEMORANDUM OPINION[*]
v.      Record No. 2540-08-3                        PER CURIAM
                                                    APRIL 21, 2009
DAVID A. R. SMITH


                    FROM THE CIRCUIT COURT OF PULASKI COUNTY
                              Robert M. D. Turk, Judge

            (Monica Taylor Monday; James J. O'Keeffe; David G. Weaver;
            Whitney Bradshaw Duneknberger; Gentry Locke Rakes & Moore;
            Weaver Law Firm, P.C., on briefs), for appellant.

            (Harvey S. Lutins; J. Emmette Pilgreen, IV; Lutins & Pilgreen, P.C.,
            on brief), for appellee.


        Jonie Hall Smith (wife) appeals the trial court's spousal support award of a defined duration.

Wife argues that the trial court erred in limiting her spousal support award to six years.  Upon

reviewing the record and briefs of the parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

                                        BACKGROUND

        "When reviewing a trial court's decision on appeal, we view the evidence in the light

most favorable to the prevailing party, granting it the benefit of any reasonable inferences."

Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 834 (2003).

        So viewed, the evidence proved that wife and David A.R. Smith (husband) married on

September 7, 1991, separated on August 14, 2003, and divorced on September 23, 2008.  The

parties had two children, both of whom were teenagers at the time of the final divorce.  At the time

_____
        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

of the judge's ruling, wife was thirty-seven years old and husband was thirty-eight years old.  Wife graduated from high school and attended college.  Her last job was in 1995, when she worked in warehouse fulfillment for approximately six months and earned $7,000.  During the marriage, she helped her father on his farm with cows and livestock, and she maintained the parties' home.  Wife stayed home to raise and home school the parties' children.  She testified that she had not sought employment or additional education during the parties' separation because she has "two sons . . . to take care of" and home school.  Wife also testified that she had a thyroid problem and problems with "vertigo, fatigue, muscle pain, [and] joint pain," but there was no testimony that her symptoms affected her ability to work.  At the time of the separation, husband earned approximately $80,000 per year.

After addressing the factors in Code § 20-107.1(E), the trial court awarded wife spousal support in the amount of $2,000 per month for seventy-two months.  The trial court explained that the spousal support was for a defined duration because "this [seventy-two months] is a sufficient time frame in which Mrs. Smith can obtain the necessary educational skills in order to provide for herself."  Wife objected to the award and timely noted her appeal.

ANALYSIS

Wife argues that the trial court abused its discretion in awarding spousal support for a defined duration.

A trial court has broad discretion in awarding spousal support, and its ruling will not be overturned unless there is an abuse of discretion.  Brooks v. Brooks, 27 Va. App. 314, 317, 498 S.E.2d 461, 463 (1998) (citations omitted).

"The court, in its discretion, may decree that maintenance and support of a spouse be made in periodic payments for a defined duration, or in periodic payments for an undefined duration, or in a lump sum award, or in any combination thereof."  Code § 20-107.1(C).

In awarding spousal support, a trial court must consider the factors in Code § 20-107.1(E); however, "[t]his does not mean that the trial court is required to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors. It does mean, however, that the court's findings must have some foundation based on the evidence presented." Woolley v. Woolley, 3 Va. App. 337, 345, 349 S.E.2d 422, 426 (1986).

Here, the trial court described the Code § 20-107.1(E) factors in its opinion letter. The wife's reason for not working was because she had to stay home with her children and home school them. The trial court considered her explanation in fashioning its award, and gave her time to stay home with the children and improve her own education and training.

Wife argues that the award is speculative, since no one knows whether she will be able to find reasonable employment in six years. We entertained a similar argument in Torian v. Torian, 38 Va. App. 167, 184, 562 S.E.2d 355, 364 (2002) (wife argued that "the trial court's defined duration award constituted an abuse of discretion because the court had no 'magic ball' and no accurate way to divine the parties' financial needs and incomes after the seven-year period expired"). "While we agree with the general principle that a court should not base an award of support on mere speculation or conjecture, see, e.g., Konefal v. Konefal, 18 Va. App. 612, 614-15, 446 S.E.2d 153, 154 (1994), the legislature obviously contemplated that circumstances exist in which defined duration spousal support awards are appropriate," id. (citing Srinivasan v. Srinivasan, 10 Va. App. 728, 735, 396 S.E.2d 675, 679 (1990) (a court may consider "reasonably foreseeable" future circumstances)). Wife argues that there was no evidence that she "could be gainfully employed . . . [in] 6 years . . . earning money that would enable her to meet her monthly expenses and maintain the lifestyle she enjoyed during the 12 year marriage." However, wife's questions are "inherent in many spousal support situations." Id.

In fashioning its spousal support award, the trial court clearly considered the parties' ages, the children's ages, wife's education, the time needed for wife to acquire more education or training to enhance her earning capacity, and the parenting arrangements that the parties decided upon during the marriage. See also Bruemmer v. Bruemmer, 46 Va. App. 205, 210-11, 616 S.E.2d 740, 742-43 (2005) (affirming a trial court's defined duration award based on the children's ages, the wife's earning capacity, and her obligation to support herself).

The spousal support award was not speculative, and the trial court did not abuse its discretion in setting the spousal support for a defined duration. Therefore, the trial court's award is summarily affirmed. Rule 5A:27.

Husband requests an award of attorney's fees and costs related to this appeal.

> The rationale for the appellate court being the proper forum to determine the propriety of an award of attorney's fees for efforts expended on appeal is clear. The appellate court has the opportunity to view the record in its entirety and determine whether the appeal is frivolous or whether other reasons exist for requiring additional payment.

O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). In light of our decision in this case, we award to husband his reasonable attorney's fees and costs incurred in this appeal. We remand for the trial court to determine the amount of husband's reasonable attorney's fees and costs related to this appeal.

Affirmed and remanded.